ALBANY,
Feb. 1824.

Lathrop
v.
Judivini.

**JACKSON, *ex dem.* EDSON and another *against* GAYER.**

rule for de-
ng a mo-
carries
s of course,
> con-
ex-
n the

H. H. Ross, for the defendant, moved for a view, which being successfully opposed by *Z. R. Shipherd, the Court* directed a rule to be entered *that the motion be denied,* without saying any thing about costs.

*Shipherd,* asked for the costs of opposing.

---

## LATHROP *against* JUDIVINI.

Where an at-
torney boards
at one dwel-
ling house, and
has his office at
another dwel-
ling house, and
he is absent,
leaving no one
in his office,
the service
of papers
should be by
delivery to
some person
belonging to
the house
where he
boards, rather
than to one
belonging to
the house
where his of-
fice is kept.

J. DICKSON, moved to set aside the default for not joining in error, and all subsequent proceedings for irregularity. He read affidavits, showing that before the rule for joining in error had expired, the defendant's attorney, on inquiry, found that the plaintiff's attorney was absent from home. He had an office, at which a clerk occasionally attended, but he was not in the office, and the plaintiff's attorney, and his wife, who was also absent, boarded at his father's house, which was in the same neighborhood with his office. The joinder in error was served on his father, at the house where he boarded.

*Dickson* cited *Gelston* v. *Swartwout,* 1 John. Cas. 136.

*S. A. Foot,* contra, read an affidavit showing that the office was a part of a dwelling-house where a family resided. He insisted that the service should have been on some per

son in that house, or some excuse be shown, why it was not.
The rule cited authorizes a service at the attorney's dwell-
ing-house, if no one is at the office, but not upon one in a
nouse where he is a boarder merely. The boarding house
of the attorney may be and frequently is a considerable dis-
tance from the office. The proper service, in such a case,
would be on one in the house where the office is kept.

ALBANY,
Feb. 1824.

Supervisor,
&c., of Sand-
lake
v.
Supervisor,
&c., of Berlin

WOODWORTH, J. The reason of the rule is in favor of
the course pursued here. The paper will be better taken
care of by a person belonging to the house where the attor-
ney is a boarder, than by an entire stranger, as the person
may be, though he reside in the same house where the
office is kept.

Motion granted.