UTICA,
Aug. 1826.

Oshiel
v.
De Graw.

---

OSHIEL *against* DE GRAW, impleaded with *Rogers* and *Rogers*.

COVENANT, on a bond given by *De Graw*, as surety, under the statute authorizing an appeal from a justice's court, conditioned to prosecute the appeal, &c.

*Jas. Edwards*, for the defendant, moved to set aside a default for not pleading; and that, on the defendant's paying the penalty of the bond, which was 100 dollars, with costs, into court, all further proceedings be stayed, &c.

*W. Mulock*, contra.

The facts are stated by the court.

*Curia.* The motion to set aside the default must be granted, if the service of an order to stay proceedings on the plaintiff's attorney was regularly made before the default was entered. The service was between 7 and 8 A. M. by affixing the paper on the office door, in the city of *New-York*, no one being within. The default was entered after 9 A. M. of the same day, by the plaintiff's attorney, on his way to the office, without his knowing any thing of the order. His office was in *Pine-street* and his residence in *Spring-street;* both facts being known to the defendant's attorney.

In serving a paper, every thing should be done, which ordinary diligence requires, to bring a knowledge of it home to the attorney in proper season. The service here was at an hour of the morning before the offices are usually open in *New-York*, with a knowledge that the attorney resided in the same city ; and after the expiration of a pre-

Service of a paper on an attorney in the city of *New-York*, by affixing it on the door of the office, no one being at the office, and the door locked, before 9 A. M. is not good service.

Service of papers at the office of an attorney in the city of *New-York*, should be within office hours, which do not commence before 9 A. M.

Proceedings ordered to be stayed in an action against the surety in a bond given on appeal from a justice's court, on his paying the amount of the penalty into court with costs.

Oshiel
v.
De Graw.

vious order enlarging the time to plead. On finding the attorney and his clerk both absent from the office, which was naturally to have been expected, the obvious course was to search for him at his residence. Allowing this very loose manner of service, is certainly calculated to entrap the opposite attorney, though he may proceed with the greatest caution. No case has gone so far, where it appears, as it does here, that the paper was not actually received. Services at the office, in the city of *New-York,* should be within office hours, which do not commence before 9 A. M. There is no affidavit of merits; though, it seems, an important question of law exists as to the amount which the plaintiff claims against the defendant.

We think the service was irregular.

Still there can be no objection to the other branch of the defendant's motion, if this be a case in which the plaintiff is plainly entitled to no more than the penalty of the bond. The amount of the penalty, with the costs, have been tendered to his attorney. Money has been paid into court after a verdict in slander, with a view to save farther costs. (*Hatfield* v. *Baldwin,* 1 *John. Rep.* 506.) And staying proceedings in an action on a bond for the performance of covenants, and the like, on payment of the penalty and costs, is a very usual exercise of power. (1 *Dunl. Pr.* 338, *and the cases there cited.*) It is now well settled by a series of decisions, that a surety is never liable on a bond beyond the penalty. (*Clark* v. *Bush,* 3 *Cowen,* 151. *Fairlie* v. *Lawson,* 5 *id.* 424.) And there can be no objection, therefore, on the ground that the sum is unliquidated, where the proposition is to pay to that extent. This being the undoubted rule as to bonds in the course of private business; is the case of a bond, given by a surety pursuant to a statute, an exception? *Fairlie* v. *Lawson* presents such a case; but the point was not raised. Why is the penalty limited by the statute, unless for the protection of the sureties?

We are not aware that statute sureties, such as bail to the sheriff, bail in error, &c. who give a bond or recog-

nizance with a penlty, have ever been holden liable be-
yond that penalty.    And in *Hefford* v. *Alger*, (1 *Taunt.*
218,) the C. P. held the two sureties in a replevin bond,
together liable only for the penalty and costs.

True, on appeal, the security may, in this view, be ma-
ny times very inadequate.    Being regulated by the amount
of the judgment below, it may sometimes be merely nom-
inal.    But this evil can be remedied by the legislature only.

The appellee must look to the party for all beyond the
penalty.

This branch of the motion is, therefore, granted.

Rule accordingly.