40　493!
121　133!

### No. 2,371.

CHAS. E. BROAD *et al.*, APPELLANTS, *v.* CHAS. BROAD, RESPONDENT.

COMPLAINT IN PARTITION SUIT.—DEMURRER.—In a suit for partition, if the complaint fails sufficiently to state the origin, nature, or extent of the interest of the plaintiff, objection should be presented by demurrer. If not taken in that mode it is waived.

ALCALDE GRANT.—VAN NESS ORDINANCE.—TENANTS IN COMMON.—A confirmation by the Van Ness Ordinance, of the title to a lot granted by an Alcalde, inures alike to the benefit of all the tenants in common of the lot.

COMMON PROPERTY.—STATUTORY CONSTRUCTION.—The words, "shall go," as used in the eleventh section of the Act of 1850, defining the right of the husband and wife, mean "shall vest," and apply equally to the descendant of the deceased husband or wife, as to the survivor.

APPEAL from the Fifteenth District Court, City and County of San Francisco.

Action for a partition of the premises in controversy, and for the rents, issues and profits for the ten years next preceding.

Judgment was for defendant, and plaintiffs appealed.

The other facts are stated in the opinion.

*J. M. Seawell,* for Appellants.

On the death of plaintiffs' mother, one half of the premises went to them, as tenants in common with defendant. (Act April 17th, 1850, p. 254, defining rights of husband and wife, Secs. 9, 11, 12 ; Hittell's Dig., Secs. 3571, 3573, 3574 ; *Panaud* v. *Jones,* 1 Cal. 512 ; *Beard* v. *Knox,* 5 Cal. 252; Estate of Buchanan, 8 Cal. 507; *Smith* v. *Smith,* 12 Cal. 226; *Packard* v. *Arrellanes,* 17 Cal. 536 ; *Ord* v. *De la Guerra,* 18

Cal. 74 ; *Hart* v. *Robertson,* 21 Cal. 348; *Morrison* v. *Bowman,* 29 Cal. 337 ; *Jewell* v. *Jewell,* 28 Cal. 235; *McLeron* v. *Benton,* 31 Cal. 32 ; Civil Code of Louisiana, Arts. 2373, 2376, 2378; *Guillotte* v. *City of Lafayette,* 5 La. Ann.R. pp. 381, 382 ; *Broussard* v. *Bernard,* 4 La. 140, VII O. S. 217 ; *German* v. *Gay,* 5 La. 361, IX O. S. 580 ; *Gale* v. *Davis' Heirs,* 2 Martin, 307, 4 Martin, O. S. 651; *Pettrie* v. *Wofford,* 3 La. Ann. 561 ; *Duncan* v. *Rawle,* 16 Tex. 478.)

*Sawyer* and *Myrick,* for Respondent.

The complaint does not state facts sufficient to constitute a cause of action. In partition, plaintiffs must set forth fully and particularly the *origin, nature,* and *extent* of their interest in the property. (Prac. Act, Sec. 255,270; *Morenhaut* v. *Higuera,* 32 Cal. 295; *Bradley* v. *Harkness,* 26 Cal. 77; *Dye* v. *Dye,* 11 Cal. 163.)

From the facts as found, it will appear that the title did not pass from the Mexican Government before the conquest, nor from the Government of the United States during the lifetime of Mrs. Broad. Therefore, when it passed it inured to Broad, respondent.

The deed from Pool to respondent was a quitclaim deed of the possession only. It could convey no more. Respondent was not estopped by that deed from setting up an after acquired title from the Government, either by the Van Ness Ordinance, or by the Acts of Congress. (*Carpentier* v. *Thurston,* 24 Cal. 268; *Valentine* v. *Mahoney,* April, 1869; *Brooks* v. *Hyde,* April, 1869; *Holden* v. *Andrews,* April, 1869; *Johnson* v. *Johnson,* 11 Cal. 205; *Lawson and Wife* v. *Ripley,* 17 La. 238. 251; *Barbet* v. *Langlois,* 5 La. An. 212; *Succession of Morgan,* 12 La. An. 153; *Fuller* v. *Ferguson,* 26 Cal. 562; 2 *Smith's Lead Cas., side* 624–5; 2 *Smith's Lead Cas., top* 775–6; *Sparrow* v. *Kingman,* 1 N. Y. 242; *Bigelow* v. *Finch,* 11 Barb. 498.)

The title was, at the time of the death of Mrs. Broad, in the United States; the grant of the American Alcalde was but a license to occupy, and did not ripen into title until

the Acts of Congress. (*Townsend* v. *Greeley*, 5 Wallace, 336; *Valentine* v. *Mahoney*, 37 Cal. 389; *McLearen* v. *Benton* Oct. 1869, not reported; *Brooks* v. *Hyde*, 37 Cal. 366.)

Even if the title passed to Broad by the Van Ness Ordinance, and during the lifetime of his wlfe, it was a gift under the ordinance, and he acquired it as such, and it is his separate property. (*Hubbard* v. *Barry*, 21 Cal. 321; *Noe* v. *Card*, 14 Cal. 576; *Hood* v. *Hamilton*, 33 Cal. 698; *Wilson* v. *Castro*, 31 Cal. 420; *Fuller* v. *Ferguson*, 26 Cal. 546; *Donner* v. *Palmer*, 31 Cal. 500.)

. Even if it is true that the real estate was common property, still the husband is entitled to the possession, management and control of it during his lifetime. Upon the death of the mother no such title or interest passed to the children as would enable them to maintain partition as against the father. (1 Hittel, 3568, and 3573 before and after amendment of May 8, 1861; *Panaud* v. *Jones*, 1 Cal. 512; *Scott* v. *Ward*, 13 Cal. 470; *Est. of Tomkins*, 12 Cal. 124; *Packard* v. *Arellanes*, 17 Cal. 525; *Van Maren* v. *Johnson*, 15 Cal. 311.

RHODES, C. J., delivered the opinion of the Court, TEMPLE, J., WALLACE, J., and CROCKETT, J., concurring:

The premises in controversy, are a portion of a lot in San Francisco, which was granted by the Alcalde to a person named in the grant. Such title to the premises in controversy, as had passed by the Alcalde's grant, vested in the defendant and his wife, in 1852, as community property. The wife died in 1858. The plaintiffs are her children. They claim that they, together with their father—the defendant— are tenants in common of the premises ; that each of the plaintiffs hold the title to the undivided fourth, and the defendant the title to the undivided half of the premises.

If the complaint fails to sufficiently state the origin, nature or extent of the interests of the plaintiffs, the objection should have been presented by demurrer. If not taken in that mode it is waived.

That an Alcalde's grant passed a title to the grantee therein named, is beyond controversy in this Court. Whatever may have been the effect of the Van Ness ordinance and its confirmation by the statute of this State, or the Act of Congress, as to a lot that had been granted by an Alcalde—whether they operated as a transfer of title, or merely as a release—it is clear that all the tenants in common received its benefits.

The main question in the case, as both parties consider it, is whether, upon the death of the defendant's wife, one half of the property vested in the plaintiffs. The eleventh section of the Act of 1850, defining the rights of husband and wife —which was in force at the death of the wife of the defendant—is as follows: "Upon the dissolution of the community by the death of either husband or wife, one half of the common property shall go to the survivor, and the other half to the descendants of the deceased husband or wife, subject to the payment of the debts of the deceased. If there be no descendants of the deceased husband or wife, the whole shall go to the survivor, subject to such payment." There is no room for construction, so far as this question is concerned, except as to the meaning of the words "shall go." As related to the survivor of the community, there can be no doubt that those words mean "shall vest." The survivor takes one half of such title as the community held. The same words are necessarily implied in the clause of the section, which speaks of the acquisition of title by the descendants of the deceased husband or wife—that is to say, "the other half [shall go] to the descendants of the deceased husband or wife." Those words have the same signification in each instance; and there is nothing in the language of the Act, which would tend to assign them a meaning in the one case, different from that given in the other. They take title of the same nature, and to the same extent, as that which vests in the survivor.

The plaintiffs in this case, upon the death of their mother, became tenants in common with the defendant, of the premises in controversy; and as already remarked, they

Points decided.

all alike, in proportion to their respective interests in the premises, received the benefits of the Van Ness Ordinance and its confirmation.

The Act of 1861, amendatory of Section 11, was passed for the purpose of obviating, for the future, many of the inconveniences, and perhaps hardships, which are so forcibly presented by the defendant. It was deemed proper to change the statute, so that upon the death of the wife, the entire common property should go to the surviving husband.

Judgment reversed and cause remanded, with directions to render judgment that each of the plaintiffs is the owner in fee of the undivided quarter of the premises; and that the defendant is the owner in fee of the undivided half of the premises as tenants in common.