[No. 2,180.]

CHARLES B. POLHEMUS (Survivor of the Firm of Alsop & Co.) *v.* WILLIAM M. CARPENTER, REUBEN CLARKE, JAMES GEORGE, DAVID SCANNELL (Sheriff of the County of San Francisco and Official Assignee in Insolvency of said James George), and JAMES P. TREADWELL.

Time to Move for New Trial when no Findings Asked—Practice Act, Sections 180 and 195.—When written findings are not requested, and none are filed at the time of the decision of a cause tried by the Court, the time within which a party intending to move for a new trial shall file and serve his notice will commence running from the time of service of written notice of the decision.

Time to Move for New Trial when Findings duly Requested.— When written findings are duly requested, as provided in section one hundred and eighty of the Practice Act as amended in 1866, the Court is bound, and on proper proceedings will be required to file them; and a party will have ten days after written notice of the filing to move for a new trial.

RIGHT OF PARTY TO WRITTEN FINDINGS IF PROPERLY REQUESTED.—A party requesting written findings, under section one hundred and eighty of the Practice Act as amended in 1866, is entitled to have them, and to know the precise facts found and the conclusions deduced therefrom, as a basis of his motion for a new trial in case the decision be adverse to him.

FINDINGS OF MERE CONCLUSIONS DEFECTIVE—REFUSAL TO AMEND DEFECTIVE FINDINGS ERROR.—Where findings, instead of stating facts involved in the issues, contained only general conclusions, and afforded no information as to the particular facts considered by the Court as established; *held,* manifestly defective, and that a refusal to amend them, on proper application therefor, was clearly error.

THE SUPREME COURT WILL NOT ADJUDICATE DISPUTED FACTS.—The Supreme Court, upon reversing the action of a lower Court, will not order final judgment when there appear to be material facts in dispute, upon which the evidence is conflicting.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

This was an action originally commenced July 5th, 1857, by Charles B. Polhemus and George W. P. Bissell, composing the firm of Alsop & Co., to foreclose a mortgage executed in 1854 on certain real estate in the City of San Francisco, by William M. Carpenter to Reuben Clark and James George, to secure the payment of a note for thirty thousand dollars, with interest at the rate of two and one half per cent per month, payable in six months, or in six or twelve months thereafter, at the option of the maker, to be signified in writing within five months. This note and mortgage were assigned by Clark and George to the firm of Alsop & Co.; and at the time of the commencement of the action there was allowed to be due upon it fifteen thousand dollars, with interest thereon from November 16th, 1855, at two and one half per cent per month.

The defendant Treadwell, who was the only one that answered, set up that the assignment to Alsop & Co. was made to defraud the creditors of Clark and George; that it was pretended to be made as a security for the repayment of twelve thousand six hundred and nineteen dollars and sixty-

five cents borrowed of plaintiffs by Clark and George; that this sum and interest had long before been repaid; that on February 1st, 1855, Carpenter conveyed to Clark and George the mortgaged premises and other property, in full payment and satisfaction of the mortgage debt and interest; that after Clark and George so acquired the fee, Treadwell recovered a judgment against them for three thousand six hundred dollars, docketed March 26th, 1857, under which he subjected the mortgaged premises to sale, and bid them off for two thousand four hundred dollars, and received the Sheriff's deed October 30th, 1857; that after the conveyance by Carpenter to Clark and George plaintiffs entered into the receipt of the rents, and had received and converted to their own use all the rents subsequent to Treadwell's purchase at Sheriff's sale on April 28th, 1857, amounting at the time of answer to ten thousand dollars. Defendant prayed that the mortgage should be declared satisfied; that if anything should be found due plaintiffs, chargeable on the land, he should be let into possession upon paying it; that the rents received by plaintiffs since April 28th, 1857, should be ascertained, and they be decreed to pay them to him before a foreclosure, or out of the proceeds of a foreclosure sale; and for general relief.

The cause was referred to E. W. F. Sloan, who, on March 22d, 1859, reported a judgment that plaintiffs should pay Treadwell the sum of eight thousand one hundred and twenty dollars and fifty-seven cents, and turn over to him the possession of the mortgaged premises. From the judgment entered upon this report the plaintiffs appealed, and at the April Term, 1862, the judgment was reversed and a new trial ordered. In accordance with the intimations of the Supreme Court, contained in their opinion, Treadwell soon afterwards commenced a separate action against Polhemus,

as survivor of the firm of Alsop & Co., and his tenants, to recover the premises and the value of their use and occupation from the time of his purchase, which then amounted, as alleged, to upwards of fifty thousand dollars. After the trial of this ejectment case had commenced, on July 29th, 1863, the parties entered into a stipulation, by the terms of which it was agreed that the ejectment suit should drop; that the present foreclosure suit should proceed to trial; that when tried an account should be taken of the rents received by plaintiffs after April 28th, 1857, certain disbursements agreed upon deducted, and interest cast on the residue of the rents, from the time received, at two per cent per month with annual rests, or, in other words, compounding annually; that the amount of rents and interest thus ascertained was to be deducted from the amount for which the plaintiffs might at the trial establish a. lien on the mortgaged premises as against Treadwell, and the plaintiffs to have a decree of foreclosure only for such balance; but if the amount of plaintiffs' lien should prove less than the amount of rents and interest, it was to be deducted and Treadwell to have judgment for the residue, or for the whole amount of rents and interest if plaintiffs failed to establish any lien as against him. This stipulation was filed and made a rule of Court in this case.

Afterwards plaintiff, apparently finding the stipulation unfavorable, made several attempts to dismiss his action; and, among other proceedings, instituted two mandamus suits—one against the Clerk, and one against the Judge, to compel them to enter a dismissal. These actions will be found reported in 28 Cal. 166, and 29 Cal. 264. On account of them, the trial of the foreclosure suit was delayed until the latter end of 1867; and on January 2d, 1868, the Court below announced its decision, that judgment be entered for defendant, but without costs. The defendant, in the mean-

while, had requested written findings; and on February 14th, 1868, the following were filed:

"In this cause, the defendant Treadwell's counsel having requested findings by the Court in writing, I now file the same, as follows:-

"FINDINGS OF FACTS.

"Under the pleadings and proof, and under the stipulation of the respective parties, dated July 29th, 1863, filed December 9th, 1863, and entered thereafter, as an order of Court in the cause, on the nineteenth day of this same month, I do not find any balance or amount for which the plaintiff has a lien on the mortgaged premises, in the complaint described, as against the defendant Treadwell, after deducting therefrom the rents received from said premises (less amounts paid for repairs, taxes, improvements, and fortifying the title), from and after April 28th, 1857, the date of the said Treadwell's purchase thereof at Sheriff's sale, together with interest on said items of rent, at the monthly rate, and with the annual rests in computing the same, provided for in said stipulation. . Nor do I find the amount of said rents and interest thereon so to be deducted, or any part thereof, is not required to satisfy the amount which otherwise, and but for said stipulation, would have been a lien on said mortgaged premises.

"And as a conclusion of law therefrom, I find that neither the plaintiff is entitled to a decree of foreclosure against the lands in the complaint described, nor is the defendant Treadwell entitled to a judgment or decree for any amount whatever against the plaintiff. And it is ordered that neither party recover costs against the other."

The defendant excepted to the above as findings, and requested the defects in particulars pointed out by him to be corrected and remedied; all of which the Court below

refused.   Defendant afterwards filed and served his notice of, and statement on, motion for new trial, as stated in the opinion, which, being overruled, defendant Treadwell appealed from the order and the judgment.

*J. P. Treadwell*, for Appellant.

The findings are but evasive and nugatory generalities, not warranted; and they imply facts not warranted by the evidence; and the Court erred in overruling the defendant's exceptions for defects in the findings and refusing to make specific findings as requested by defendant.   The defendant was, in any event, entitled to a decree for at least sixty-six thousand three hundred and seven dollars and fifty-nine cents. The amount of rents received by plaintiff after April 28th, 1857, less sums paid for repairs, taxes, improvements, and fortifying the title, with interest from the time received at two per cent per month, with annual rests as provided for in the stipulation, was computed to the day of trial, and on the day of the decision amounted to one hundred and forty-three thousand seven hundred and sixteen dollars and forty-one cents; while the plaintiff's whole claim on his own accounts, and adjusted in his own way, amounted to only seventy-seven thousand four hundred and eight dollars and eighty-two cents.

But there being substantially no findings of fact, and the defendant being in no default on this account, the case is open before this Court on the whole evidence; and it should proceed to determine the whole matter pursuant to the course of a Court of equity.   The material facts are all either admitted or clearly proved, without there being any material conflict of evidence, except on one point, which occurs between witnesses whose depositions or written testimony only was before the Court below, and are before this Court.   It is time, after thirteen years of delays, to end this suit by a final decree in it.   This Court should direct the

Court below for what sum to enter judgment, in favor of defendant against plaintiff.

C. T. Botts and Delos Lake, for Respondent.

The judgment in this case having been rendered on January 2d, 1868, and no notice of intention to move for a new trial having been served until February twenty-fourth following, the statement on such motion forms no part of the record; consequently, the case comes here on the judgment roll alone, which it is not pretended discloses any error.

But, if this be otherwise, it is plain that the issues in this case, as in every other, must be gathered from the pleadings. None of these issues are found in favor of defendant, nor would the evidence support such a finding. A stipulation cannot be substituted for the pleadings, nor can it, *per se*, alter, amend, or modify the pleadings. The particular stipulation in this case does not purport to amend the pleadings in any respect, except by striking out the defendant's counterclaim.

The counterclaim being stricken out, and the stipulation being inserted in its place, it shows no cause of action and no ground for affirmative relief; therefore, the appellant has no cause to complain of the judgment that denied him affirmative relief. If an accounting were to be had between the plaintiff and the defendant Treadwell, upon any basis even hinted at in the stipulation, there is nothing in the findings, or the evidence, to show that any balance would be due the defendant.

The objection that the Judge failed to find specially upon the innumerable points presented by the defendant is untenable, if for no other reason, because there are none of them upon which, in view of the pleadings and the evidence, the findings could, by any possibility, have been in favor of the defendant.

By the Court, CROCKETT, J.:

The first question for determination is, whether the defendant's notice of his intention to move for a new trial was served and filed in time. On the second of January the Court (which tried the cause without a jury) announced its decision, ordering a judgment to be entered for the defendant; and on the fourth of January the defendant was duly served with a notice of this decision. But when the cause was submitted, the defendant, in due form, requested written findings, which request was entered on the minutes. On the fourteenth of February the Court filed written findings, and within ten days thereafter the defendant filed and served a notice of his intention to move for a new trial. The statement in support of the motion was filed and served on the seventh of March, and within the time granted by the Court for that purpose.

On these facts, the plaintiff insists that the motion for a new trial came too late; that the ten days for serving and filing the notice commenced to run from the fourth of January, when the defendant was notified of the decision, and not from the fourteenth of February, when the written findings were filed.

Section one hundred and eighty of the code requires the Court to file written findings on the request of either party, entered in the minutes at the submission of the cause, and if the Court neglects or refuses to comply with the request, this will be ground of error, on an appeal from judgment, supported by a bill of exceptions or statement on appeal, embodying the necessary facts.

Section one hundred and ninety-five of the code provides that if the cause is tried by the Court without a jury, a party intending to move for a new trial shall file and serve a notice of his intention to do so within ten days after service of a notice of the filing of the findings, if any written find-

ings be filed; and if there be no written findings, then within ten days after receiving a written notice of the decision of the Court.

There is nothing to prevent the Court from filing written findings, even though neither party requests the findings to be in writing; nor is there any provision defining or limiting the time within which written findings shall or may be filed. The question under consideration is not free from grave embarrassments, arising from the vague provisions of these two sections; and particularly from the omission of any limitation as to the time within which written findings shall be filed. It is quite plain, however, if there be no request for written findings, and none be filed when the decision is announced, the time within which a party intending to move for a new trial must file and serve a notice of his intention to do so will commence to run from the time when he is served with a written notice of the decision. The Court, it is true, may, at some future day, file written findings, but is under no obligations to do so, and *non constat*, that it ever will. In such a case, after receiving a notice of the decision, the party intending to move for a new trial would not be allowed to remain inactive for three or six months, speculating on the chance of the filing of written findings by the Court, and if such findings should, perchance, be filed, then proceed with his motion and excuse his delay on the ground that the statute allows him to proceed within ten days after notice of the filing of the written findings. If the statute should be so construed, the successful party would never know when the litigation was ended, as it would be wholly uncertain whether or not the Court would at any time file written findings. Such a practice, if tolerated, would lead to the greatest delay, vexation, and uncertainty in the administration of justice. The only proper and reasonable construction of the statute is, that when written findings are not requested, and none are filed at the time of the decision, the

time within which a party intending to move for a new trial shall file and serve his notice, shall be held to commence running from the time of service of a written notice of the decision. If any inconvenience should arise from the practice here indicated, it is the fault of the statute, which, on any other construction of it, would lead to still greater embarrassment. It would, however, in a great measure, obviate the difficulty if the Court, when it intends to file written findings, would so state when its decision is announced, and cause them to be promptly filed.

But it remains to be considered whether a different rule prevails, when written findings were duly requested by the party intending to move for a new trial, and when such findings were in fact filed after the decision was announced, and after due service of a written notice of the decision.

Section one hundred and eighty, as it formerly stood, requires written findings to be filed in all causes tried by the Court without a jury, whether such findings were requested or not; and section one hundred and ninety-five, as it stood prior to 1861, required a party intending to move for a new trial to serve and file a notice of his intention to do so within two days "after the trial." Under these provisions it was held that the "trial" did not terminate until the written findings were filed, and, consequently, that the notice of a motion for a new trial was in time, if served and filed within two days after the findings were filed. The Court had no power to render an oral decision, and the trial, therefore, was not ended until written findings were filed.

But in 1866, both these sections were amended; and by section one hundred and eighty, as amended, the Court is relieved from the necessity of filing written findings, unless requested by one of the parties at the time of the submission to do so. But if such request be duly made and entered in the minutes, the duty of the Court to file written findings is as imperative now as if that section had not been amended.

If the Court refuses or neglects to perform this duty, the injured party may assign this as error on an appeal from the judgment, without a motion for a new trial.  The same section, as amended, also provides that if the findings be defective, the injured party may except to them, and if the Court refuses to supply the defects, this also will be ground of error on appeal from the judgment.

Section one hundred and ninety-five, as amended, provides that in causes tried by the Court without a jury, a party intending to move for a new trial shall give notice thereof within ten days after receiving written notice of the filing of the findings, "when written findings are filed by the Court, or of the rendering of the decision of the Court when no findings are filed;  provided the decision be rendered in open Court, and, if rendered at vacation, then within ten days after receiving written notice of the filing thereof."  As we have seen, it is the imperative duty of the Court to file written findings, when requested to do so by either party;  and it is a duty which this Court will compel the lower Court to perform, on a proper showing on an appeal from the judgment.  A party requesting written findings is entitled to have them, as a basis of his motion for a new trial, in case the decision be adverse to him.  He is entitled to know the precise facts found by the Court, and the conclusions of law deduced from them before proceeding with his motion for a new trial, in order that he may be enabled to point out with precision the errors of the Court in matters either of fact or law.  This was the chief purpose to be subserved in requiring written findings to be filed on the request of a party;  and this would be wholly defeated if he is compelled to proceed with his motion before the findings are filed.  There could not well be a more striking illustration of this proposition, and of the embarrassments which

may result to a party from the want of written findings, which he has requested, than this case afforded. The defendant, in his answer, prays for affirmative relief, and the action involves not only a long account, running through a series of years, but also some perplexing questions, both of law and fact. The oral decision of the Court was, that judgment be entered for the defendant without costs. There was nothing to inform the defendant whether he was to have any, and if any, what affirmative relief; or if such relief was denied, there was nothing to indicate on what theory of the facts, or by reason of what deductions of law the result was reached. If the defendant had not requested written findings, there would have been no obligation on the Court to file them; and on being notified of the oral decision, the defendant would have had no other resource than to proceed with his motion for a new trial upon the lights then before him, and would have had no cause of complaint on that ground, if the Court had never filed written findings. But having requested them, he was entitled to have them before being compelled to proceed with his motion. If the Court had refused to file them the defendant would have had a certain and sufficient remedy in an appeal from the judgment, without being put to the necessity of a motion for a new trial. But when the findings were filed it was competent for the defendant then to inaugurate his motion for a new trial within the statutory time. I am, therefore, of opinion that the motion was in time.

Within the proper time the defendant excepted to the findings as insufficient; but the Court refused to amend them, and this ruling is assigned as error. The findings are so manifestly defective as not to require comment. Instead of stating facts involved in the issues, they contain only general conclusions drawn from the facts. They afford no information whatever as to the particular facts which the Court considered as established in the cause. The defend-

ant was clearly entitled to have more specific findings on the facts within the issues; and on this ground the judgment should be reversed and a new trial awarded. We are urged by the appellant to look into the accounts, and by ordering a final judgment to put an end to this protracted litigation. But there are several material facts on which the evidence is conflicting, and it is not the practice of this Court in such cases to adjudicate disputed facts. It is the province of the lower Court to pass upon the facts, and when there is a substantial conflict in the evidence we will not disturb its findings on the ground that they are against the weight of evidence.

Judgment reversed and cause remanded for a new trial.

Mr. Justice WALLACE, being disqualified, did not sit in this case.