[No. 2,845.]

CHARLES E. BROAD AND LILY ANN BROAD, BY CHARLES E. BROAD, HER GUARDIAN AD LITEM *v.* WILLIAM MURRAY, DANIEL KEHLER, SAMUEL LIGHT, CHARLES BROAD, THE HIBERNIA SAVINGS AND LOAN SOCIETY, AND THE OCCIDENTAL INSURANCE COMPANY.

TIME OF FILING FINDINGS.—The Practice Act is merely directory as to the time of filing the findings of the Court and as to the order of filing in relation to the entry of judgment.

COMMUNITY PROPERTY—TENANCY IN COMMON.—Upon the dissolution of the community by the death of the wife, one half of the common property vests in the surviving children of the deceased wife.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

This was an action for the partition of a portion of a city lot, and of the rents and profits of the property for the preceding ten years. The defendant, Broad and his wife, acquired the title to the lot in 1852, by purchase from Logan, the grantee of the Alcalde, and held it as community property until 1858, when the wife died. The plaintiffs are the children of the wife. After the death of his wife the defendant Broad executed a deed to William Murray purporting to convey the title in fee to a part of the premises. The plaintiffs having parted with no interest vesting in them by the death of their mother, brought this action, claiming one

half the premises as tenants in common with the defendants. Judgment was rendered for the defendants, and the plaintiffs appealed. (See *Broad* v. *Broad*, 40 Cal. 493.)

*J. M. Seawell*, for Appellants.

On the death of plaintiffs' mother, one half of the premises went to them as tenants in common with defendant. (Act April 17th, 1850, p. 254, defining rights of husband and wife, Secs. 9, 11, 12; Hittell's Dig., Secs. 3571, 3573, 3574; *Panaud* v. *Jones*, 1 Cal. 512; *Beard* v. *Knox*, 5 Cal. 252; *Estate of Buchanan*, 8 Cal. 507; *Smith* v. *Smith*, 12 Cal. 226; *Packard* v. *Arcellanes*, 17 Cal. 536; *Ord* v. *De la Guerra*, 18 Cal. 74; *Hart* v. *Robertson*, 21 Cal. 348; *Morrison* v. *Bowman*, 29 Cal. 337; *Jewell* v. *Jewell*, 28 Cal. 235; *McLeran* v. *Benton*, 31 Cal. 32; Civil Code of Louisiana, Arts. 2373, 2376, 2378; *Guillotte* v. *City of Lafayette*, 5 La. Ann. R. 381, 382; *Broussard* v. *Bernard*, 4 La. 140 [7 O. S. 217]; *German* v. *Gay*, 5 La. 361 [9 O. S. 580]; *Gale* v. *Davis' Heirs*, 2 Martin, 307 [4 Martin, O. S. 651]; *Petrie* v. *Wofford*, 3 La. Ann. 561; *Duncan* v. *Rawle*, 16 Tex. 478.)

By the Court, NILES, J.:

We cannot disregard the findings of the Court, upon the ground that they were filed subsequent to the entry of the judgment. It has been held that the Practice Act is merely directory, as to the time of filing the findings, and as to the order of filing in relation to the entry of the judgment. (*Vermule* v. *Shaw*, 4 Cal. 216; *Polhemus* v. *Carpenter*, 42 Cal. 375.)

It is evident that the principles announced by this Court in *Broad* v. *Broad*, 40 Cal. 493, are decisive of this case. Charles Broad was a tenant in common with the plaintiffs of the land in controversy at the date of his conveyance to William Martin. The plaintiffs have never parted with their

title, and have still an interest in the land which entitles them to some measure of relief. The findings were based upon the theory of an entire want of title in the plaintiffs, and do not sufficiently inform us of the relative rights of the parties to enable us to direct the manner of partition.

Judgment reversed, and cause remanded for a new trial.