[No. 1173.]

GEORGE S. ELDER, Respondent, v. FRED. A. FREVERT, et al., Appellants.

New Trial—Statement—When Must be Filed—Waiver.—A failure to file a statement within five days after giving notice of intention to move for a new trial, nothing having been done in the meantime to retain jurisdiction, operates as a waiver of the right to move for a new trial, and no power exists in the district court to reinstate this right.

Idem—Findings—Decision.—In construing the provisions of section 195 of the civil practice act: Held, that the findings of facts is a written statement of each issuable fact established by the evidence; that the decision

is the announcement by the court of its judgment, and may never be reduced to writing; that the decision is, therefore, distinct from the findings; and that the time within which notice of intention to move for a new trial must be given begins to run from the announcement of the judgment.

Statement on New Trial and on Appeal—How Considered.—Where the statement on new trial, also, purports to be a statement on appeal and was so treated in the orders, extending time for filing and settlement, made by the district court, and was filed within the time required by statute for a statement on appeal to this court, it should be considered as a statement on appeal by this court.

Motion to Dismiss Appeal—Proof of Service of Notice—When may be Made.—When the transcript on appeal fails to show that the notice of appeal was served, as required by statute, and a motion is made to dismiss the appeal on that ground, this court may grant leave to appellant to supply this omission by filing an affidavit of the proof of service upon the argument of the motion.

Idem—Affidavit of Service, Sufficiency of—"Conspicuous Place."—An affidavit which alleges the service of the notice of appeal upon respondent's attorney, at a time when he was absent from his office and had no clerk, or other person, in charge, "by leaving a copy thereof in a conspicuous place in the office of said attorney * * *" is insufficient. The affidavit should set forth the probative facts touching the place where the notice was left, so that the ultimate fact, whether such place was conspicuous, may be determined by the court in the exercise of its judicial functions.

Idem—Amendment of Affidavit—When may be Allowed.—The courts should liberally exercise the power of amendment for the purpose of establishing the truth and sustaining the substance of the proceedings before them; and when a decision upon the sufficiency of an affidavit might operate as a surprise and deprive appellant of a substantial right, leave will be granted to amend the proof of service.

Appeal from the District Court of the Second Judicial District, Ormsby County.

Motion to strike out statement on motion for new trial, and to dismiss the appeal.

The facts appear in the opinion.

*Trenmor Coffin*, for Respondent, in favor of the motion.

I. The five days allowed by statute to file and serve the statement expired before the order of court extending the time was made, and consequently came too late to operate as an extension of time. (*Clarke* v. *Strouse*, 11 Nev. 79;

*Bear River Co.* v. *Boles*, 24 Cal. 354.) A statement must be filed and served in time, and if not so filed will be stricken out on motion. (*Whitmore* v. *Shiverick*, 3 Nev. 300; *Harrison* v. *Lockwood*, 14 Nev. 263; *Tull* v. *Anderson*, 15 Nev. 426.)

II. The "decision of the judge" contemplated by the statute, after which a motion for a new trial may be made, is the final judgment of the court when the cause is tried without a jury. (*California St. T. Co.* v. *Patterson*, 1 Nev. 150; *Gray* v. *Palmer*, 28 Cal. 416; *Genella* v. *Relyea*, 32 Cal. 159; *Galpin* v. *Page*, 1 Saw. 336; *in re Greaves*, 13 Ch. Div. (Eng.) 882; *Houston* v. *Williams*, 13 Cal. 24; 1 Abb. Law Dic. 351; Bouv. Law Dic. 438; *Burke* v. *Laforge*, 12 Cal. 404; *Klockenbaum* v. *Pierson*, 22 Cal. 160; *Carpenter* v. *Thurston*, 30 Cal. 123; *Knight* v. *Roche*, 56 Cal. 15; *Soto* v. *Irvine*, 60 Cal. 436–8.)

III. A party giving notice of motion for a new trial is bound by his notice. He cannot afterward give a second notice and file his statement within five days of the second notice, but more than five days after the first notice. (*Le Roy* v. *Rassett*, 32 Cal. 171; cited with approval in *Campbell* v. *Jones*, 41 Cal. 518; *Bornheimer* v. *Baldwin*, 42 Cal. 32.) The above objections were made in the court below within the rule of *Twist* v. *Kelly*, 11 Nev. 377.

IV. A notice of appeal, to be effective, must be served after filing. (1 Comp. Laws, sec. 1392; *Lambert* v. *Moore*, 1 Nev. 345; *Peran* v. *Monroe*, 1 Nev. 484; *Gaudette* v. *Glissan*, 11 Nev. 184; *Reese M. Co.* v. *Rye Patch M. Co.*, 15 Nev. 341.) The affidavit should show upon its face a strict compliance with every requirement of the statute. There are no presumptions in favor of the service. (*Trullenger* v. *Todd*, 5 Or. 38-9; *Rees* v. *Rees*, 7 Or. 79; *Maynard* v. *McCrellish*, 57 Cal. 355; *Howard* v. *Galloway*, 60 Cal. 10; *Weil* v. *Bent*, 60 Cal. 603; see also, *Lathrop* v. *Judivini*, 2 Cow. 484; *Rathbone* v. *Blackford*, 1 Caines 343; *Jackson* v. *Norton*, 2 Caines 95; *Jackson* v. *Giles*, 3 Caines 88; *Salter* v. *Bridgen*, 1 Johns. Cases 244; *Paddock* v. *Beebe*, 2 Johns. Cases, 117; *Jackson* v. *Gardner*, Col. &

Caines, 359; *Jackson* v. *Giles*, Col. & Caines, 442; *Campbell* v. *Spencer*, 1 How. Pr. 97; *Quincy* v. *Foot*, 1 Barb. Ch. 496; *Gelston* v. *Swartwout*, 1 Johns. Cases, 136; *Clark* v. *Adams*, 33 Mich. 159; *Oshiel* v. *Degraw*, 6 Cow. 63.) Service cannot be made at an office in which no person is present during office hours, unless the office door at the time be open or unlocked, and the affidavit of service must affirmatively show that the door was open or unlocked. (*Haight* v. *Moore*, 4 Jones & Spencer, N. Y. 294.) Service cannot be made by unlocking the door of an office and leaving the papers therein. (*Campbell* v. *Spencer*, 1 How. Pr. 199, 200; *Livingston* v. *McIntyre*, 1 How. Pr. 253.) Service of notice by putting it under the door of the office is not sufficient. (*Corning* v. *Pray*, 2 Wend. 626; *In re Degraw Street*, 18 Wend. 568.)

*Robert M. Clarke*, for Appellant, against the motion:

I. The additional findings and decisions operated to make the first notice of motion for new trial premature. The decision of the court was not final and complete until the additional findings were made and filed. (*Polhemus* v. *Carpenter*, 42 Cal. 375; *Rutherford* v. *Penn. M. F. Ins. Co.*, 1 Fed. Rep. 456; *Brockett* v. *Brockett*, 2 How. (U. S.) 238; *Sage* v. *Central R. R. Co.*, 93 U. S. 418; Desty's Fed. Pro. sec. 1007; *Ogburn* v. *Connor*, 46 Cal. 347; *R. R. Co.* v. *Bradley*, 7 Wal. 575; *Hinds* v. *Gage*, 56 Cal. 486; *Crowther* v. *Rowlandson*, 27 Cal. 376.) The "decision of the court" contemplated by the practice act is the filing of the findings of fact and conclusions of law. (Civ. Pr. Act, sec. 182; *Corbett* v. *Job*, 5 Nev. 203.)

II. The statement is on appeal as well as on motion for a new trial. The statement on motion for a new trial is also a statement on appeal by express terms of the statute and it need not be so designated. (Comp. Laws, sec. 1258.) A statement on motion for new trial will be treated as a statement on appeal from the judgment although there be no appeal from the order denying a new trial. (*Towdy* v.

*Ellis,* 22 Cal. 651 ; *Walden* v. *Murdock,* 23 Cal. 540 ; *Wilson* v. *McEvoy,* 25 Cal. 169.)

III. The affidavit of service of notice of appeal is sufficient and is in the usual form. (1 Comp. L. 1557 ; *Moore* v. *Besse,* 35 Cal. 187 ; 2 Abb. N. Y. Forms, 690 ; 2 Whittaker Pr. 384.)·

By the Court, BELKNAP, J.:

Respondent moves the court to strike out the statement on motion for new trial, upon the ground that it was not filed within the time required by law ; and also to dismiss the appeal because there is no proof of service of the notice of appeal. The cause was tried by the court. Notice of motion for new trial was filed and served on the twenty-seventh day of March, and within ten days after appellant had received written notice of the decision. The statement on motion for new trial should have been filed within five days thereafter, unless the time for filing was enlarged by agreement of the parties, or order of the court or judge. Nothing was done in this behalf until the sixth day—April 2d—when the court caused an order to be entered granting appellant " ten days additional time to prepare and file his statement on motion for new trial and on appeal." The failure of defendants to file their statement within five days after giving notice of intention to move for a new trial, nothing having been done in the meantime to retain jurisdiction of the matter, operated, by the express terms of the statute, as a waiver of the right to move for a new trial, and no power·existed in the district court to reinstate this right. (*Clark* v. *Strouse,* 11 Nev. 78 ; *Hegeler* v. *Henckell,* 27 Cal. 491.)

Additional findings were filed on the twentieth of April, and a second notice of intention to move for a new trial given within ten days thereafter. It is contended that this notice was in time because the decision was not complete until the additional findings were filed. In support of the contention we are referred to the case of *Polhemus* v. *Carpenter,* 42 Cal. 375. This case was decided under a statute

of the state of California, providing that a party intending to move for a new trial should give notice thereof "within ten days after receiving written notice of the filing of the findings of the commissioner, referee, or court, when written findings are filed by the court, or of the rendering of the decision of the court when no findings are filed; * * * and when amendments are filed, to remedy defects in the findings within ten days after receiving written notice of the filing of such amendments." (Sec. 195, Cal. Pr. Act.) The statute of the state of Nevada requires the party moving for a new trial to give notice of his intention "within ten days after receiving written notice of the rendering of the decision of the judge." (Civ. Pr. Act, sec. 195 ; Comp. Laws, sec. 1258.) Unless the "decision" here spoken of is tantamount to the "findings" which the court may be required to make, the contention cannot prevail. The finding of facts contemplated by the statute is the written statement of each issuable fact established by the evidence. From these determined facts the conclusion of law is deduced. The decision is the announcement by the court of its judgment, and although based upon the settled facts of the case, such facts may never be reduced to writing so as to constitute findings within the meaning of that term as used in the civil practice act. It is a matter of frequent occurrence for courts to announce judgment, and afterwards to prepare the findings. The decision may be rendered after or before the filing of findings, or, as is frequently the case, no findings may be made. The decision is therefore distinct from the findings, and the time within which notice of intention to move for a new trial must be given begins to run from the announcement of the judgment.

The decision in *Polhemus* v. *Carpenter* is inapplicable. Section 195 of the civil practice act of the state of California underwent several amendments at the different sessions of the legislature of that state. At the session of 1864 the provisions embraced by our act were adopted. At the next session the section was changed so as to read as above set forth, and under these provisions that case was decided.

When the legislature of our state in 1869 enacted the practice act they adopted, in the main, the California act as it then stood, but took section 195 as amended in 1864, and not as it existed in 1869. The adoption, *ex industria*, of provisions so entirely dissimilar indicates a different design from that of the California act as amended after 1864.

The statement not having been filed within the time required by law, must be disregarded as a statement on motion for new trial. It, however, purports to be a statement on appeal, as well as on motion for new trial, and all of the orders made enlarging the time for its filing, and the certificate of the district judge in settling and allowing the statement, is consistent with this pretension. It was evidently prepared with the intention that it should, if possible, perform the office of a statement on motion for new trial, or, failing in this, should serve as the statement on appeal. It was filed within the time required by law for the filing of statements on appeal, and must be treated as such statement.

When the motion to dismiss the appeal was made, an affidavit of service of the notice of appeal, filed in the district court upon the day the notice of the motion to dismiss was filed in this court, was presented, and we are asked to consider it as supplying the omitted proof. Upon application, we should have allowed the proof to have been made, and shall now consider the affidavit as having been filed upon leave given. (*Moore* v. *Besse*, 35 Cal. 187.) The affidavit alleges a service of the notice upon respondent's attorney at a time when he was absent from his office, and had no clerk therein, or other person in charge upon whom service could be made, "by leaving a copy thereof in a conspicuous place in the office of said attorney between the hours of 8 A. M. and 6. P. M.   *   *   *" In the regard shown by the quotation, the affidavit does not set forth the evidentiary facts establishing the ultimate fact that the place where the paper was left was conspicuous, but merely repeats the language of the statute. Whether the place was conspicuous is a matter upon which the minds of men

may differ, and must be determined by the court, in the exercise of its judicial functions, rather than by the party making the affidavit. The necessity for this requirement is illustrated by the New York reports. In that state a compliance with the provisions of a law similar to ours has been claimed by throwing papers through the transom over the attorney's office door, or by passing them under the door, and by leaving them in the office. In these and similar cases courts have held that when the office is locked the service must be made in some other way. (*Campbell* v. *Spencer*, 1 How. Pr. 199 ; *Livingston* v. *McIntyre*, Id. 253 ; *Gelston* v. *Swartwout*, 1 Johns. Cas. 137 ; *Lathrop* v. *Judivini*, 2 Cow. 484 ; *Oshiel* v. *De Graw*, 6 Cow. 63 ; *Corning* v. *Pray*, 2 Wend. 626 ; *Anon.* 18 Wend. 578 ; *Haight* v. *Moore*, 4 J. & S. 294.) For aught that appears, the service in this case may have been made in some of the modes which the courts of New York have denounced, and yet have satisfied the requirements of the statute in the opinion of the person making the affidavit. The affidavit should set forth the probative facts touching the place where the paper was left, so that the ultimate fact—whether such place was conspicuous—may be deduced therefrom by the court.

Upon the argument appellant asked leave to amend his affidavit so as to show the facts constituting the service, if, upon consideration, the court should be of opinion that the proof of service already offered was insufficient. Having reached this conclusion, the question whether leave should be granted to amend is presented. We are not aware that the sufficiency of proof, such as has been made in this case, has ever been passed upon by the courts of this state or coast. And in New York, the question, so far as our examination of the cases has extended, has been made upon affidavits in contradiction of the affidavit of service. Our decision, therefore, might operate as a surprise and deprive appellant of a substantial right if the leave asked for were withheld. Under these circumstances, and because courts should liberally exercise the power of amendment

for the purpose of establishing the truth and sustaining the substance of the proceedings before them, we shall grant leave to amend the proof of service.

Motion denied, with costs to respondent, and appellant allowed ten days in which to amend affidavit of service of notice of appeal.