[No. 13645. In Bank. — May 14, 1891.]

LIZZIE BURGEL ET AL., RESPONDENTS, *v.* EDWARD PRISSER, APPELLANT.

EJECTMENT — ESTATES OF DECEASED PERSONS — INHERITANCE OF COMMUNITY PROPERTY — RIGHTS OF ADMINISTRATOR. — Where one half of land is inherited from the father, and two thirds of the other half from the mother, whose estate is being administered upon, the heirs cannot, pending the administration of the mother's estate, recover in ejectment the portion inherited from her as against her administrator, who is entitled to the possession of the whole of her estate, and they can only maintain a right of possession as tenants in common with the administrator, by reason of inheritance from the father.

ID. — PLEADING — ANSWER — EVIDENCE — RIGHT OF POSSESSION OF ADMINISTRATOR. — A right of possession in a defendant in ejectment, as administrator of an estate, may be proved under denials in the answer, that the plaintiffs are the owners or entitled to the possession of the demanded premises.

ID. — TENANCY IN COMMON. — In an action of ejectment between tenants in common, it is proper for the court to ascertain and settle the respective interests of the parties.

APPEAL from an order of the Superior Court of Sacramento County denying a new trial.

The facts are stated in the opinion of the court.

*Johnson, Johnson & Johnson,* for Appellant.

Defendant, as administrator of the estate of his deceased wife, was lawfully entitled to the possession of the premises pending the settlement of her estate, and during the time of administration his possession could not be interfered with by any heir. (Code Civ. Proc.,

sec. 1452; *Page* v. *Tucker*, 54 Cal. 121.)   No ouster is
shown; and unless the defendant ousted the plaintiffs,
the latter cannot maintain this action.   (Freeman on
Cotenancy and Partition, sec. 291; *Ewald* v. *Corbett*, 32
Cal. 499; *Doe ex dem. Davis* v. *Davis*, 1 Car. & P.
130; *Proprietors of Kennebeck Purchase* v. *Springer*, 4
Mass. 418; *Watrous* v. *Southworth*, 5 Conn. 305; *Little* v.
*Libby*, 2 Greenl. 242; 11 Am. Dec. 68; *Prescott* v. *Nevers*,
4 Mason, 330; Adams on Ejectment, 4th ed., pp. 55 et
seq.)   Ejectment being a mere possessory action, plain-
tiffs cannot recover, unless they show a right to the ac-
tual possession of the property.   (See Dicey on Parties,
509.)   Here the right of possession is not in plaintiffs,
but is in defendant as administrator.   The judgment
should have been merely to the effect that plaintiffs
should be let into possession of their respective inter-
ests.   They could not recover the possession of five
sixths, to the exclusion of defendant.   (See Freeman on
Cotenancy and Partition, sec. 293.)

*Add. C. Hinkson*, for Respondents.

McFARLAND J. — This is an action of ejectment, —
the complaint being in the usual form.   Defendant, in
his answer, denies that plaintiffs were either the owners
or entitled to the possession of the demanded premises.
The court found that the plaintiffs were the owners and
entitled to the possession of the undivided five sixths of
the tract of land described in the complaint as tenants
in common with defendant, who is found to be the owner
and entitled to the possession of one undivided sixth,
and judgment was rendered that plaintiffs recover such
undivided five sixths.   Defendant moved for a new trial;
the motion was denied; and from the order denying the
motion, defendant appeals.

There is a short statement on the motion for a new
trial, which summarily states that there was evidence
which "proved" certain facts.   (There is some conten-

tion by respondents that this statement is not sufficiently authenticated; but as the record shows that the statement was settled and allowed by the presiding judge, we must take it to be genuine, and sufficiently certified.) Among other facts shown by this statement to have been "proved" are these: The land in contest was owned by Charles H. Burgel, the father of plaintiffs, and was the community property of said Charles and his wife, Mary, who was the mother of plaintiffs. Charles, the father, died in 1884, and the land went by operation of law, one half to the widow, and the other half to the plaintiffs. In February, 1886, the defendant, Prisser, married the mother, Mary, and was her husband until February, 1887, when she died. The defendant was appointed her administrator in March, 1887, and was such administrator at the time of the commencement of this action and at the time of the judgment, the administration not yet having been closed. The proof of these facts was admissible under the denials in the answer.

Under these facts plaintiffs are the owners and entitled to the possession of the undivided one half of the land which descended to them from their father. They are also heirs to the undivided two thirds of their mother's half, to which they will be entitled on final distribution, if no part thereof be necessary to pay debts, etc., but pending administration, the defendant, as administrator of their mother, is entitled to possession of the undivided half which came from the mother. If the judgment had merely determined that plaintiffs were tenants in common and should be let into possession with defendant, there could have been no objection to it. It has been decided, however, that in an action like the one at bar, on account of mesne profits and other matters that may arise, " it is proper for the court before which the ejectment suit is tried, to ascertain and settle the respective interests of the parties." (Freeman

on Cotenancy and Partition; *Mahoney* v. *Middleton*, 41 Cal. 54.) The finding, therefore, that plaintiffs "are entitled to the possession of an undivided five-sixth interest in the tract of land described in their complaint" is against the evidence; and for this reason, the order denying a new trial must be reversed.

The order appealed from is reversed, and the cause remanded for a new trial.

DE HAVEN, J., GAROUTTE, J., HARRISON, J., and PATERSON, J., concurred.

Rehearing denied.