[S. F. No. 782.   Department Two.—June 3, 1898.]

## CHARLES PLASS, Appellant, v. CATHERINE PLASS, Executrix, etc., et al., Respondents.

EJECTMENT—TENANCY IN COMMON—OUSTER—ADMISSION OF PLEADINGS—NONSUIT.—In an action by a tenant in common against his cotenant to be admitted into the possession, a denial in the answer of the plaintiff's title and right of entry is equivalent to an ouster as of the date of the commencement of the action; and, in such case, the ouster is deemed admitted by the pleadings, and need not be proved; and a nonsuit should not be granted for failure to prove the ouster.

ID.—ESTATES OF DECEASED PERSONS—HEIRS—EXECUTORS—COMMON PROPERTY. An heir can claim no right of action in ejectment as against the executors, in respect of property directly inherited from the decedent whose estate is being administered; but, as respects the share of common property inherited by a son from a deceased

mother, under the act of 1850, although the executors of the deceased father may have control thereof for the purpose of adjusting the community debts, yet the probate court has no jurisdiction to determine the adverse claims of the son as heir of his deceased mother, and his right to the possession of the property as a tenant in common with the executors of the deceased father may be determined in an action of ejectment brought by him against them.

APPEAL from a judgment of the Superior Court of Napa County. E. D. Ham, Judge.

The facts are stated in the opinion.

F. E. Johnston, and John T. York, for Appellant.

M. M. Estee, Charles A. Shurtleff, and Arthur G. Fisk, for Respondent Catherine Plass, Executrix.

Percy S. King, and H. M. Barstow, for Respondent Phillip Plass, Executor.

CHIPMAN, C.—Action in ejectment. The trial was by the court, and at the conclusion of plaintiff's testimony the court granted a motion for nonsuit and gave judgment for defendants, from which plaintiff appeals and comes here upon bill of exceptions.

The evidence was, that plaintiff is the son of defendant's testator; that plaintiff's mother, the testator's first wife, died July 7, 1859; the defendant Catherine Plass is plaintiff's stepmother, and the other defendant is his brother. Plaintiff testified as follows: "I was born in the state of New York on November 9, 1847; and subsequently came with my father and mother to California; my father had been here before that time; we went to reside on the tract of land first described in the complaint, and my father lived there continuously until he died in 1895." The land referred to was acquired by plaintiff's father by purchase October 11, 1856. The other land described in the complaint was deeded to plaintiff's father July 3, 1863, four years after his mother died. A deceased sister of plaintiff died April 3, 1865, being then the wife of one N. C. Brooks, leaving one son who survived her, but is now dead. Brooks conveyed to one G. A. Lamont his interest in the demanded premises December 14, 1895, and Lamont conveyed the same to plaintiff January

17, 1896. What interest, if any, Brooks had in the premises does not appear. Petition for the probate of the will of defendants' testator was in evidence, in which the demanded premises were claimed to be part of the estate of deceased; also order admitting will to probate, with proof thereof; it also appeared that defendants entered upon their duties as executors, and were, when the action was commenced and tried, acting as such under said will. The will devised the property to the surviving wife of deceased and the brother of the testator, "to hold the same in common and undivided" during their natural lives, and at their death to go to the testator's sons, Charles Plass, Jr. (plaintiff), and Phillip Plass (one of defendants). A rental value was proved, which with the foregoing comprises all the evidence.

It is well settled that in an action by a tenant in common against his cotenant to be admitted into the possession, a denial in the answer of the plaintiff's title and right of entry is equivalent to an ouster, as of the date of the commencement of the action. (*Miller v. Myles*, 46 Cal. 535; *Phelan v. Smith*, 100 Cal. 158.) The ouster is, therefore, admitted by the pleadings.

If plaintiff has any title or right of possession, it must be by virtue of the statute of 1850, section 11 (Stats. 1850, p. 254), as a "descendant" of his deceased mother, who died while that act was in force, or, as an heir at law or devisee of his father. Clearly, he can claim no right of action in ejectment, in the latter capacity, against the executors. (*Meeks v. Hahn*, 20 Cal. 620; *Chapman v. Hollister*, 42 Cal. 462; *Meeks v. Kirby*, 47 Cal. 168; *Harper v. Strutz*, 53 Cal. 655.) Can the action be maintained upon the facts disclosed?

Appellant claims, as we understand counsel, that the demanded premises were community property, having been acquired during the marriage of plaintiff's father and mother, and that by her death in 1859 plaintiff took an interest in the property under the act of 1850, which reads: "Upon the dissolution of the community by the death of either husband or wife, one-half of the common property shall go to the survivor, and the other half to the descendants of the deceased husband or wife, subject to the debts of the deceased." The right of possession is claimed under this law.

It was held in *Broad v. Broad*, 40 Cal. 493, that the words

"shall go" in the act mean "shall vest," and apply equally to
the descendant of the deceased husband or wife, as the survivor,.
and that upon the death of the mother the children of the mar-
riage become tenants in common with the father.    That was an
action for the partition of the premises, and the direction in
remanding the case was to render judgment that each of the two·
plaintiffs (children of the mother) is the owner in fee of the un-
divided quarter and the defendant is the owner in fee of the un-
divided one-half of the premises.    *Broad v. Murray,* 44 Cal. 228,
was a similar action, and was decided upon the authority of
*Broad v. Broad, supra,* affirming the principles enunciated in
that case.    *Johnston v. Bush,* 49 Cal. 198, was a case in eject-
ment brought by the descendants of the deceased mother to re-
cover the undivided one-half of the premises, claiming to be ten-
ants in common with the grantee of the father under the act of
1850.    Defendant had judgment, and the cause was remanded
for a new trial, affirming *Broad v. Broad, supra.    Cook v. Nor-
man,* 50 Cal. 633, was an action in ejectment by the children of
the deceased mother to recover an undivided one-fourth of the
premises.    After the death of his wife, Cook, surviving husband,.
sold the premises in good faith, but it did not appear whether the
sale was necessary to pay the community debts or whether the
proceeds were so applied.    It was found by the trial court that.
when the community was dissolved by the death of the wife
there was a large amount of outstanding community indebted-
ness.    It was held here that it was competent for the husband
to convey the community estate to satisfy debts of the com-
munity, and that a purchaser in good faith from the surviving
husband is not bound to show, in support of his title, that the
sale to him in point of fact was necessary to provide payment
of the community debts; that the husband had power to sell
as survivor of the community the same as during its existence..
It was said, however, referring to *Broad v. Broad, supra,* and
*Broad v. Murray, supra:* "It is not doubted as against the hus-
band the interest of the children of the community is to be
taken as vested, and entitling them to have an accounting or
partition, or other appropriate relief."

   As to the property acquired by plaintiff's testator after the
death of plaintiff's mother, the judgment of the court was clearly

correct, as it is in course of administration, and plaintiff can claim an interest only through his testator. As to the property acquired in the lifetime of plaintiff's mother, we think it sufficiently appeared to be community property in which at her death he had some interest—subject, however, to the debts of the community.

The construction given to the act of 1850 was stated in *Johnston v. San Francisco Savings Union,* 75 Cal. 134, 7 Am. St. Rep. 129, to have been that the descendants of the wife took subject to the payment of the community debts; that no probate administration of the estate of the deceased wife was necessary, but that the control of the property was in the husband, as survivor of the marital partnership, for the purposes of settling up its affairs. In *Packard v. Arellanes,* 17 Cal. 525, the court said: "No special remedy exists for the enforcement of the claims of creditors, or the protection of persons interested in the preservation of the property; but the general powers of the courts are sufficient to furnish any relief necessary for these purposes." In that case the wife died first; the husband continued in possession of the property, made a will, and died, and executors were duly appointed. Soon thereafter letters of administration were taken out on the estate of the deceased wife, and the administrator presented claims against the estate of the husband and obtained a large judgment on report of the referee. The trial court set aside the report, and its judgment was affirmed here, leaving the estate of the husband to be administered under the will. There is no evidence in the present case whether or not the plaintiff's testator settled up the affairs of the community in his lifetime. The property acquired during the community being common property, and subject as such to his control, when he died it passed into the possession and control of his executors, subject to the debts of the community. The probate court now has jurisdiction of the estate and the property. But the particular interest claimed by plaintiff in the property is adverse to the estate, and the probate court has no jurisdiction to determine the rights of those claiming adversely to the estate. (*In re Burdick,* 112 Cal. 387.) In that case it was said to be the duty of the court, where serious questions arise as to such claims, to delay final decree until such claims can be determined in another

forum. *Burgel v. Prisser,* 89 Cal. 70, was an action in eject-
ment where one-half the land was inherited from the father and
two-thirds of the other half from the mother, whose estate was
being administered upon, and it was held that the heirs could
not, pending the administration of the mother's estate, recover in
ejectment the portion inherited from her as against her admin-
istrator, who is entitled to the possession of the whole estate.
But it was said: "If the judgment had merely determined that
plaintiffs were tenants in common, and should be let into pos-
session with defendant, there could have been no objection."
And it was further held that it was proper for the court, before
which the ejectment suit is tried, to ascertain and settle the re-
spective interests of the parties. While plaintiff was not enti-
tled to judgment, as prayed, for exclusive possession, we cannot
see why his rights could not be determined in this action. If
he acquired any right or title through the death of his mother
distinct from and adverse to the right or interest of his father in
the same property, he should have been permitted to show it in
this action. Therefore, the nonsuit should not have been grant-
ed. The grounds on which it was asked were: 1. Plaintiff had
not shown possession or right of possession or ouster; 2. That
he had not shown any title even indirectly; 3. That the estate
is in process of administration and defendants are executors, and
ejectment would not lie against them. We think if all the facts
shown had appeared in the complaint it would have been good
against a general demurrer, and in such case the motion should
be overruled. (*Warner v. Darrow,* 91 Cal. 309.)

The judgment should be reversed and the cause remanded
for further proceedings.

Belcher, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment
is reversed and the cause remanded for further proceedings.

McFarland, J., Henshaw, J., Temple, J.

Hearing in Bank denied.