## CALIFORNIA STATE TELEGRAPH COMPANY, Appellant, v. J. C. PATTERSON, Respondent.

A judgment is as final when pronounced by the Court as when it is entered and recorded by the Clerk, as required by statute; the judgment is the judicial act of the Court; the entry is the ministerial act of the Clerk.

California State Telegraph Company *v.* Patterson.

If the decision of the Court finally disposes of the action, and nothing further is to be done by it to complete that disposition, it is a final judgment from which an appeal will lie under our statute, whether it be perfected by entry in the judgment book or not.

The decision of the Court is the judgment; the entry by the Clerk is the evidence of it merely.

The right of appeal under our Practice Act does not depend upon the entry or perfection of the judgment of the lower Court, but upon the rendition of it.

The allegation that defendant became indebted to plaintiff is simply a statement of a conclusion of law; the facts out of which the indebtedness arose should be stated.

If, instead of demurring, advantage be taken of a defective pleading by motion for judgment, the Court should permit an amendment of the pleading where an amendment will cover the defect the same as if a demurrer had been interposed.

A judgment may be final, although it is not recorded in a judgment book or entered in a judgment docket.

When a Judge orders a judgment in a cause, and that order is entered on the journal or minutes of the Court, and no further facts are to be ascertained to determine the extent, amount and character of that judgment, but there simply remains the clerical duty of entering in the judgment book that which the Court has determined and ordered to be entered, this is a final judgment from which an appeal lies.

APPEAL from the District Court of the Second Judicial District of the State of Nevada, Hon. S. H. WRIGHT presiding.

This was an action for money had and received. The defendant answered the complaint, but upon the trial objected to any evidence by plaintiff, because, as claimed, the complaint did not state facts sufficient to constitute a cause of action.

The Court sustaining the objection, ordered judgment to be entered in favor of defendant, the plaintiff's counsel excepting. The next day application was made for permission to amend the complaint, which was refused. The judgment of the Court had not been entered up by the Clerk, but in the minutes of the Court the ruling ordering judgment for defendant was noted. In this Court a preliminary motion was made by defendant's counsel to dismiss the appeal for the reason that no final judgment had been entered from which an appeal could be taken.

*Ellis & Sawyer*, for Appellant.

## I.

The Court below erred in entertaining the objection to the admission of any testimony and in dismissing the action.

1. A dismissal is tantamount to a non-suit under the code. (Civil Practice Act, sec. 148.)

2. A plaintiff cannot be non-suited on account of a defect in his complaint. (Civil Practice Act, sec. 148; Graham's Practice, p. 271; *Vecton* v. *Graves*, 4 John. 403; *Smith* v. *Elder*, 3 John. 105; 3 Blackstone's Com. 394–5.)

3. Sec. 45 Civil Practice Act (1861) is in violation of a common law rule of pleading and should be strictly construed; it is not good practice to *dismiss*, an action after issue joined upon motion of defendant. To do so is to violate sec. 148 of same Act, as also the common law rule. (See secs. 145 and 148 Civil Practice Act, 1861; 3 Blackstone 394–95; Stephens' Pl. 150; Chitty's Pleadings, 197.)

4. The proper method of taking advantage of defects in a complaint amounting to an insufficient cause of action is by demurrer. A motion in arrest of judgment or writ of error, the ends of which in our practice are attained by an appeal, and Section 45, together with Section 148 Civil Practice Act, 1861, can only be construed to allow a motion *in arrest of judgment* where the defect after proof cannot be *cured by verdict*. (3 Blackstone, 394–95; Stephens' Pl. 150; Chitty's Pl. 197.

## II.

The complaint states facts sufficient to constitute a cause of action.

1. The common law *declaration* for money *had and received* is sufficient as a *complaint* under the *code*. (1 Monell's Prac., p. 473; 2 Monell's Prac., p. 380 *et seq*; Nash. Prac and Pl., p. 143 *et seq*; *Freelon et al* v. *Glazier*, 10 Cal. 338; *Allen* v. *Carpenter*, 3 Seld. 476.)

2. The code in this respect (in what shall constitute a complaint) is only declaratory of the common law. (*Godwin* v. *Stebbins*, 2 Cal. 105.)

3. The complaint in this action is sufficient notwithstanding the omission of the words "to the use of plaintiff." The complaint must state the cause of action in ordinary and concise language. (Civil Practice Act, sec. 39; *Milliken* v. *Hall*, 5 Cal. 246, and 10 Cal. 338; Civil Practice Act (1861), sec. 56; 3 Blackstone, 162.)

4. The allegation of indebtedness and refusal to pay (in the complaint), alone is sufficient, and the *promise to pay* (if definitely set forth), might have been regarded as *surplusage;* the *law implies the promise.* (Graham's Practice, 177–180 ; 3 Blackstone, p. 162.)

5. Probative facts must not be stated, but only those that are substantive. (*Godwin* v. *Stebbins,* 2 Cal. 105 ; *Green* v. *Palmer,* 15. Cal. 414 ; *Paine* v. *Dewey & Treadwell,* 16 Cal. 243 ; *Garrison* v. *Lampson,* 15 Cal. 95.)

6. Where words are employed capable of different meanings the one must be taken which will support the pleading. (*Allen* v. *Patterson,* 3 Selden, 470.)

### III.

The Court below erred in not allowing plaintiff to amend complaint if it were insufficient, either with or without terms. (1 Cal. 478 ; 7 Cal. 130 ; 9 Cal. 58 ; 10 Cal. 410 ; 7 Cal. 209 ; 12 Cal. 178 ; Graham, 530.)

*Atwater & Flandrau,* Attorneys for Respondent.

*First*—This appeal must be dismissed, because no judgment had been rendered upon the decision of the Court at the time the appeal was taken.

There is no judgment or order in the case that is appealable. Statutes 1861, 363, section 285 ; what may be appealed from. (*Cummings* v. *Heard,* 2 Minn. R. 34; *Case* v. *Young,* 3 Minn. R. 209 ; *Ames* v. *Miss. Boom Co.,* 8 Minn. R. 467 ; 9 Cal. 175 ; 4 Cal. 263 ; 4 Cal. 308 ; 5 Cal. 92 ; 5 Cal. 155 ; Howard N. Y. Code, 528 ; Note to sec. 348 and cases; *Rathburn* v. *Moody,* 4 Minn. R. 364—no jurisdiction.)

*Second*—Our statutes establish the fact, that such a decision as the one appealed from in this case, dismissing the action, is not a judgment, in the most unmistakeable manner. (Definition of Judgment, Stats. 1861, p. 338, sec. 144.)

When action is dismissed judgment must be entered on the decision. (Stats. 161, p. 338, sec. 148 ; Judgment on Verdict, Stats. 1861, pp. 343, 175, 178 ; Judgment on trial by Court, Stat. 1861, pp. 343, 180 ; Judgment on trial by Referees, Stat.

1861, pp. 345, 187; Manner of entering Judgment, Stat. 1861, pp. 347, 197, 201, 202.)

*Third*—It is not such an order as may be appealed from. (Stats. 1861, p. 363, sec. 285.)

It is not an order at all, but merely a decision upon which a judgment may be entered.

*Fourth*—The order refusing leave to amend the complaint is not an appealable order. All such matters are addressed to the discretion of the Court to which the application is made, and their decisions will never be reviewed, unless in cases of gross abuse of such discretion.

It is not a right which is asked, but a favor; and a Court to whom such an application is made must be the best judge of the propriety of granting it. (5 Minn. R. 505; 8 Cal. 26; 8 Minn. R. 324; 16 Cal. 81; 5 Minn. 65; 6 Minn. R. 550, 558; 1 Selden, 547; 3 Comstock, 334; 7 Minn. R. 315; 7 Minn. R. 493.)

*Fifth*—The motion to amend was too late. It was the day after the action had been dismissed.

*Sixth*—The decision of the Court was strictly correct. The complaint was fatally defective. It stated no cause of action against any one, and certainly not against the defendant. (4 Sandford's (N. Y.) Superior Court R. 665; 2 Minn. R. 210.)

It was defective in a manner that could not be waived, and could be raised at any time. (Stats. 1861, p. 321, sec. 45.)

It could not have been amended without supplying every essential fact necessary to constitute a good complaint, and that instead of an amendment would have been a *creation*. The Court was clearly right in not permitting it after the trial had begun.

If the appeal is not dismissed upon the grounds above mentioned, *the thing* appealed from, whatever it is, must be affirmed, because the record discloses no error.

Opinion by LEWIS, C. J., full Bench concurring.

Two questions are presented for our consideration in this case:

*First*—Was the appeal to this Court prematurely taken; and

*Second*—Does the complaint state facts sufficient to constitute a cause of action?

On behalf of the respondent it is claimed upon the motion to dismiss the appeal, that at the time it was taken no final judgment had been rendered by the Court below, and that therefore the appeal was premature, and should be dismissed. If the record substantiates this position, the motion most certainly should be sustained, but if our view of what constitutes a final judgment be correct, the counsel's premise is false, and his conclusions erroneous.   This motion seems to be based upon a misapprehension of what constitutes a judgment, and counsel seem to have confounded the judgment itself with the entry or record thereof.   The judgment is a judicial act of the Court, the entry is the ministerial act of the Clerk.   The judgment is as final when pronounced by the Court as when it is entered and recorded by the Clerk, as required by statute. If the record discloses that the decision of the Court finally disposed of the action, and nothing further was to be done by it to complete that disposition, that surely was a final judgment from which an appeal would lie, whether it were perfected by entry in the judgment book and docket, or not.   It is the act of the Court which renders the judgment final, and not that of the Clerk whose only office in this respect is to put in form and record what the Court has previously declared. The decision of the Court is the judgment, the entry by the Clerk is the evidence of it merely.   (*Fleet* v. *Young*, 11 Wend. 522; *Lee* v. *Tillotson*, 4 Hill, 27.)

Tracy, Senator in the case of *Fleet* v. *Young*, *supra*, says:

"But it strikes me that the more obvious and natural import of the expression, 'rendering of such judgment,' is the annunciation or declaring the decision of the Court, indicated by the rule for judgment."   In *Lee* v. *Tillotson*, Justice Bronson uses the following language upon a question analogous to that made upon this motion: "The question then is, whether the limitation dates from the final determination of the Court, which was made in July term, 1840, or from the subsequent filing of the judgment record in January, 1841.   The statute provides that all writs of error upon any judgment or final determination rendered in any cause, shall be brought within

two years after the rendering of such judgment or final determination, and not after.    The judgment or final determination in this cause was rendered in July term, 1840, when the motion which had been made to set aside the report of the referee was denied.    The record which was afterwards filed was not the judgment, but only a written memorial of the judgment which had been previously rendered."

These authorities clearly support the proposition that the decision of the Court, and not the act of the Clerk, is what constitutes the judgment.    The statute, section 285, page 363, provides that—

" An appeal may be taken to the Supreme Court from a final judgment rendered in an action on special proceeding commenced in those District Courts, or brought into those Courts from another Court."

The only question to be determined then, is whether there is a final judgment in this case or not, and not whether the judgment is properly entered on the records of the Court.    The right of appeal under our practice does not depend upon the entry or perfection of the judgment of the lower Court, but upon the rendition of it.    In New York, under the Code, when an appeal was authorized only from " a judgment *entered*," a different rule prevailed, and it was held that an appeal would not lie until the judgment was entered and perfected.    But the distinction between the language of the Code and the Practice Act of this State, is obvious.    The Code only authorized an appeal from a "judgment *entered*"; the Practice Act of this State allows it from a final judgment.    True, the record must show that the Court rendered the judgment, and the entries should be sufficiently ample to enable the appellate tribunal to ascertain its nature and extent.

If these facts sufficiently appear by the record, the appeal should not be dismissed for any defect in the entry of the judgment, nor indeed where no entry at all is made upon the judgment book.    Sandford, Senator in the case of *Glason* v. *Shotwell*, 12 Johnson's R. 63, in which this exact point was made, says : " The question is, therefore, not to be determined by technical definitions and verbal criticism, or by the terms and phrases in which judgments have been or may be expressed.

California State Telegraph Company *v.* Patterson.

The true inquiry is whether the judicial proceeding constitutes a cause by itself, and has received its final decision in the Supreme Court."

In the case under consideration the following facts appear in the settled statement.   On the 19th day of December, A. D. 1864, the case having been called, the defendant's counsel objected to the introduction of any testimony on behalf of plaintiff, for the reason that the complaint did not state facts sufficient to constitute a cause of action; that after the argument of the objection, it was sustained and the action dismissed. Here is sufficient to show the judgment of the Court finally disposing of the action, and enough, we think, to sustain the appeal.   It would have been better practice, however, to have had the judgment fully entered and perfected before the appeal was taken.

The second point arises upon the sufficiency of the complaint upon which this action is brought, and we have no hesitation in saying at once that it is radically defective.  The most material allegations necessary to support the action are omitted, and the facts alleged are stated in so general and vague a manner everything is left to conjecture and inference.  It alleges that " on the 17th day of October, A. D. 1864, at Carson City in said County of Ormsby, the said defendant became indebted to the said plaintiff in the sum of four hundred dollars, for so much money, at or before that time, had and received, and in consideration thereof, then and there promised to pay the said sum when thereunto requested."   Then follows the allegation that though requested the defendant had refused to pay, etc.  A complaint so general, uncertain and inartistic, we think, would not, even in the most liberal practice observed under the code, be held good on general demurrer.   The allegation that defendant became indebted to the plaintiff, is simply a statement of a conclusion of law ; the facts out of which the indebtedness arose should have been stated.   This is attempted to be done by the statement which follows :   " For so much money had and received." But this is too general and uncertain.  From whom was the money had and received ?   For whose use and benefit ?   It would be as consistent to the language to say that defendant

received the money from a stranger as from plaintiff; and for his own use and benefit as for plaintiff's. If the rule that in the construction of pleadings that most unfavorable to the pleader is to be adopted, should be followed in this case, the plaintiff would not be considered to have stated any cause of action whatever against the defendant.

Whilst we think this complaint utterly insufficient, we think also, that the Court should have allowed an amendment, and permitted the cause to proceed. The practice of taking advantage of a defective pleading by motion for judgment, or by objection to the evidence, instead of by demurrer (where a demurrer will lie), should not be encouraged by the Courts. The Practice Act directs how advantage may be taken of defective pleading, and that course should be pursued if possible, in preference to any other. In that case, if a demurrer be sustained, the pleading may be amended and the cause proceed to trial upon its merits, usually without injury to either party. If counsel, instead of demurring, answer to the merits, and then move for judgment, or demur to the evidence, the Court should permit an amendment of the pleading, where an amendment will cover the defect. Parties should not be allowed to secure any greater advantage by such practice, than they would gain by demurring at the proper time. The objection interposed to the evidence in this case, was in fact nothing more nor less than a demurrer, and we presume the counsel for plaintiff was taken by surprise, and the Court probably induced to render a judgment, which, upon reflection, would not have been given. Leave to amend having been promptly asked, we think it should have been allowed.

The judgment of the Court below is reversed, with leave granted plaintiff to amend his complaint. The costs of this appeal to abide the event of the suit.

Opinion by BEATTY, J.; full Bench concurring.

## RESPONSE TO PETITION FOR REHEARING.

In this case a petition for rehearing has been filed, and we are requested, not only to examine the petition, but to examine the authorities referred to in the original brief of respondents.

After a careful examination of all the points, both in petition and original brief, we are unable to see any error or mistake in the opinion already filed in the case.    There is some force in the remarks of counsel as to the term "rendered."    We can see the word may have been used rather in connection with the designation of the Courts, from the judgment of which an appeal might be taken, than as indicating the kind of judgment subject to review in this Court.    But if we read the statute, omitting the word "rendered," it reads thus: "An appeal may be taken, etc., from a final judgment, in an action," etc.

Here there is a general authority to appeal from a "final judgment."    Our opinion is that a judgment may be final, although it is not recorded in a judgment book or entered in a judgment docket.    Every Court keeps a journal or minute of its proceedings.

When a Judge orders a judgment in a cause, and that order is entered on the journal or minutes of the Court, and no further facts are to be ascertained to determine the exact amount and character of that judgment, but there simply remains the clerical duty of entering in the judgment book that which the Court has determined and ordered to be entered, this, in our opinion, is a final judgment, from which an appeal lies.    It is final because the Court has nothing more to do with it, unless it be to compel the Clerk to perform his duty in entering it up. The law might require that no appeal should be taken before the judgment was regularly entered in the judgment book, and the judgment roll made up and filed.    But our law has made no such provision, and therefore an appeal may be taken whenever a judgment *is final*.    In this case we think there was a *final judgment* before the appeal was taken.

We are of opinion none of the authorities cited by respondent conflict with this view of the case, and many of them fully sustain our opinion as to what constitutes a final judgment.

The 144th section of our Practice Act reads thus: "A judgment is the final determination of the rights of the parties in the action or proceeding, and may be entered in term or vacation."    There is nothing in this definition of judgment conflicting with our views.

When the draftsman of the Practice Act, in referring to the

filing of the undertaking on appeal, says, it shall be filed with the "Clerk with whom the judgment or order was entered," he certainly did not use that expression to point out the character of judgments and orders from which an appeal should lie, but simply to designate the officer with whom the undertaking should be filed. It is the duty of a Clerk, after a judgment has been rendered by the Court, to enter that judgment in the judgment book. The draftsman of section 286 assumed that Clerks would do their duty, and used the phrase quoted as the most convenient one to designate the officer with whom the undertaking should be deposited.

The Court did not fail to observe the fifth point made by counsel for respondent in his original brief. Our views on that point are not very fully expressed in the original opinion, and we will now endeavor so to express them as to make a rule of practice for the future.

The plaintiff filed an insufficient complaint; the defendant, instead of demurring (which would have been the proper and legitimate practice), answered the complaint, and so answered it as to induce the plaintiff to believe that there was merely an issue of fact between the parties. When the case was called for trial, the defendant objected to the plaintiff's introducing *any evidence* because the complaint did not state facts sufficient to constitute a cause of action.

This was not in the nature of a demurrer to the evidence offered because of its insufficiency to support the complaint, but was in effect a demurrer to the complaint, improperly and irregularly interposed. It should have been filed in writing, and before, or at the time of filing the answer, if, indeed, it was proper to file any answer before the demurrer was disposed of. This demurrer to the complaint (for we can consider it as nothing else) was sustained. Upon the sustaining of a demurrer to a complaint, there can be no doubt what is the proper practice, and that is for the Court to give time to the plaintiff to amend. This practice should undoubtedly be pursued in all cases except where the facts stated in the complaint show that the plaintiff has mistaken the law; that he has no cause of complaint, and upon his own showing, the facts are such that he can not so amend his complaint as to give him a cause of

action.  This is not a case of that sort.  We can readily see how the complaint might be amended so as to make it a good one.  Had the demurrer been regularly interposed, we have no doubt the Court would, in sustaining it, have given plaintiff time to amend, instead of entering final judgment.  But the Court and counsel for plaintiff both seem to have been surprised by the irregular manner of bringing up this demurrer.  Under the effects of that surprise, the Court made an improvident order for final judgment.  The counsel for plaintiff failed for the moment to perceive the proper course for him to take, and omitted to ask leave to amend.  The next day, upon recovering from his surprise, he did ask leave to amend, but the Court refused to allow the amendment.  We think the Court should not have made the order for final judgment of non-suit when it was made; that on the following day, when the plaintiff came in and asked to amend, he should have been allowed to do so, and the judgment of non-suit should have been set aside. We are of opinion that a party should not be allowed to obtain a greater advantage by irregular and improper practice, than he would have acquired by the regular and legitimate course pointed out by the Practice Act.

Rehearing denied.