[No. 710.]

## WILLIAM KEHOE ET AL., APPELLANTS, *v.* J. L. BLETHEN ET AL., RESPONDENTS.

WRITTEN INSTRUMENTS RELATING TO THE SAME SUBJECT-MATTER—HOW CONSTRUED.—It is an established rule of construction that when two written instruments are connected by a reference of one to the other, that they are to be taken and construed as parts of an entire transaction, and the recitals in the one may be explained or corrected by a reference to the other.

IDEM.—If a written instrument refers to a prior written contract, and contains recitals of its subject-matter, and there appears to be a variance between such recitals and the recited contract, the recitals are to be explained and corrected by the contract to which the reference is made.

IDEM.—In construing the agreements set out in the opinion: *Held*, that the subsequent agreement was a modification of the first, and evidently pro-

ceeded from a failure on the part of the defendants to comply with the terms thereof; that when the two instruments are taken and read together, a sufficient consideration to support the defendant's promise is clearly manifest.

APPEAL—WHEN IT MAY BE TAKEN.—Section 330 of the Civil Practice Act (Stat. 1869, 248) authorizes an appeal to be taken from a final judgment in an action or special proceeding.

JUDGMENT—WHEN FINAL.—A judgment, when pronounced by the court, is as final as when it is entered and recorded by the clerk, as required by statute.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The facts are stated in the opinion.

*Robert M. Clarke,* for Appellants.

*L. A. Buckner and Harris & Coffin,* for Respondents.

I. The demurrer takes but the one statutory objection, that the complaint does not state facts sufficient to constitute a cause of action.   The latter specification presents, as we think, the central point upon which successful resistance to the recovery sought can be made.   Upon that specification we rely more particularly; and as to the second agreement set forth in the complaint, we urge, that it does not, when considered by itself, import any consideration which can in a legal sense make the obligation therein acknowledged of binding effect.   The former portion, or preamble, recites nothing more than such matters as were supposed by the parties signing it to be of sufficient inducement to the written but otherwise unsupported promise to pay money.

No averments or recitals elsewhere contained in the complaint supply this want of consideration.   The contemplated sale of the eight hundred cords of wood from appellants to respondents can certainly not afford any basis for the recovery here sought, nor any intelligible basis or legal consideration for the written promise, or acknowledgment of obligation to pay money, nor is there any such pretense or plea.

The nature and scope of the action is simply the seeking of a recovery upon the basis of a voluntary, unsupported promise, or acknowledgment of obligation to pay money. No damage is shown to have legally resulted through the alleged breach. It is not even intimated that the amount sued for was agreed upon by the parties to this action as liquidated damages upon the failure by respondents to make the purchase of and pay for the wood. . Any such inference is rebutted by the wording of the last written agreement.

This extraordinary agreement is upon the face of it void, under the statute of frauds. It purports to make the respondents primarily liable to the Carson River Wood Company for the debt or obligation of the appellants, while no consideration is stated in support of the promise.

The failure of a cause of action upon the ground of want of consideration in support of the alleged promise, can in this case be as well taken advantage of by demurrer as by answer, for the plaintiffs have, *ex industria,* gone fully into detail, as well of matters unfavorable as favorable to them; and the utter want of consideration clearly appears upon the face of the complaint. The demurrer was therefore properly sustained.

II. The appeal is taken as well from the judgment as from the order sustaining the demurrer. It is doubtful whether the record discloses the existence of any judgment. The appeal is in that particular, therefore, premature.

III. The memorandum form of judgment is not signed or attested by judge or clerk, nor does it bear any file marks. No error, therefore, appears to the injury of appellants, although the form purports to be in favor of those of the defendants who have never been served or appeared in court, as well as in favor of the respondent Blethen. The record should, therefore, as to this appeal, stand unmodified.


By the Court, EARLL, J.:

This action was instituted against J. L. Blethen, Daniel McPhail and William Delaney, to recover the sum of $1305,

alleged to be due from the defendants to the plaintiffs upon a special written agreement.

The defendant Blethen, who was the only defendant served with the summons, demurred to the complaint on the general ground that the complaint does not state facts sufficient to constitute a cause of action; but the demurrer proceeds to specify wherein the complaint is insufficient, as follows: "It states an agreement of the plaintiffs with the defendants to sell to the defendants eight hundred cords of wood for $2718, to be paid for in twenty days after it was delivered in Empire City, in said county, with also a conditional addition of the cost of driving and banking to be added; but the complaint shows the condition of the sale (payment in twenty days after delivery of the wood) was not performed by the defendants."

"The subsequent agreement of the defendants that if the plaintiffs should pay the charges for driving and banking said wood, they would reimburse the plaintiffs in all sums so paid, was a promise without any consideration, and null and void."

The district court sustained the demurrer and rendered judgment against the plaintiffs for costs, from which judgment the plaintiffs appeal to this Court.

There are two written agreements copied into the complaint and made a part thereof, both of which relate to the same subject-matter. The first bears date June 16, 1874, and the second November 7 of the same year.

The substance and legal effect of the first instrument may be briefly stated thus: The defendants, for and in consideration of the sum of two thousand seven hundred and eighteen dollars, in gold coin, to them in hand paid, sold to the plaintiffs eight hundred cords of wood, which wood, at the time of the sale, was at Blethen's ranch No. 2, on Wolf Creek, in Alpine County, State of California, and agreed to transport the same from said ranch to Empire City, State of Nevada, as soon thereafter as the drive for that year would permit, and to pay all taxes then existing on said wood, and to pay all charges and expenses which should or might be

incurred in the transportation thereof. It was further stip-
ulated that if the defendants should, within twenty days
after the arrival of the wood at Empire City, repay or cause
to be repaid to the plaintiffs, the said sum of two thou-
sand seven hundred and eighteen dollars in gold coin, the
title to the wood should revest in the defendants; but if
they failed to pay the same within the twenty days, they
were to deliver the wood to the plaintiffs.

The complaint, after alleging that the defendants caused
the wood to be transported to Empire City, according to
the terms of the contract, proceeds as follows: "That on
or about the first day of October, A. D. 1874, and more than
twenty days before this action, said wood arrived at said
Empire City in charge of the Carson River Wood Com-
pany, a corporation; which corporation held said wood for
charges, to wit, thirteen hundred and five dollars, due to
them for driving and banking the same, and refused to sur-
render such possession or deliver said wood or any part
thereof until said charges had been fully settled and paid.
That after said wood arrived at said Empire City, to wit,
more than twenty days thereafter, the plaintiffs demanded
of the defendants that they comply with the terms of said
contract and perform the covenants thereof on their part,
by paying said sum of twenty-seven hundred and eighteen
dollars in gold coin, or by delivering to them the said wood
as agreed, which demand the defendants neglected and
refused to perform. * * * That afterwards, to wit, on
the 7th day of November, A. D. 1874, the defendants and
each of them surrendered in writing all their and each of
their claim in and to said wood to the plaintiffs, * * *
and in said writing, of which the following is a true copy—
'Whereas, on the 16th day of June, 1874, the undersigned
contracted with William Kehoe and Thomas Tully for eight
hundred cords of wood, and agreed to pay therefor, within
twenty days after the wood so purchased should arrive at
Empire City, Nevada, the sum of two thousand seven hun-
dred and eighteen dollars, gold coin, or in default of said
payment to surrender and redeliver said wood to said Wil-

liam Kehoe and Thomas Tully; and whereas said wood has arrived at Empire City, Nevada, and more than twenty days have elapsed since such arrival; and whereas the undersigned have failed and neglected to pay said two thousand seven hundred and eighteen dollars or any part thereof: now, therefore, in consideration of the premises, we, the undersigned, hereby surrender and relinquish all of our and each of our right to and interest in said wood, whether under contract or otherwise, and do hereby authorize and direct the Carson River Wood Company and all persons holding or claiming said wood, to deliver the same to said William Kehoe and Thomas Tully, free of all charges for driving or banking the same, and we do hereby acknowledge ourselves liable for all charges for driving and banking said wood, and do promise and agree to pay the same.

" 'We further agree that in case said William Kehoe and Thomas Tully should pay the charges for driving and banking said wood, that we will reimburse them in all sums so paid for our account.

" '(Signed) November 7, 1874.

" 'J. L. BLETHEN,
DANIEL McPHAIL,
WILLIAM DELANEY,'—

"Promised and agreed to repay to the plaintiffs * * *." It is further averred "that the just and reasonable charges for driving and banking said wood were one thousand three hundred and five dollars in gold coin, * * * which sum was claimed by and was due to the Carson River Wood Company, and which sum of money the plaintiffs were required to pay and did pay in gold coin to the Carson River Wood Company, in pursuance of the aforesaid authorization and agreement, before said wood could or would be delivered to them."

Neither the meaning or intended application of the first specification in the demurrer are apparent, and the argument of the counsel for defendant is directed solely to the latter specification therein; and as we understand the coun-

sel to concede that the latter specification presents the only
point upon which the judgment of the district court can be
sustained, it will not be necessary for us to search for either
the meaning or application of the first.

.The argument of the counsel for the defendant proceeds
upon the theory that the second agreement set forth in the
complaint must be considered and construed by itself, with-
out reference to the prior agreement; and it is contended
that when the instrument is thus considered that it does not
"import any consideration which can ih a legal sense make
the obligation therein acknowledged of binding effect." We
think counsel have adopted an erroneous theory in their ar-
gument; that, on the contrary, it is an established rule of
construction, that when two written instruments are con-
nected by a reference of one to the other, that they are to
be taken and construed as parts of an entire transaction,
and the recitals in the one may be explained or corrected
by a reference to the other.    And also, if a written instru-
ment refers to a prior written contract and contains recitals
of its subject-matter, and there appears to be a variance be-
tween such recitals and the recited contract, the recitals are
to be explained and corrected by the contract to which the
reference is made. (2 Parsons on Contracts, 503; *Van Ha-
gan* v. *Van Rensselaer*, 18 John. 420; *Nisbit* v. *Bighum's Ex'rs*,
7 Har. & John. 296; *Sawyer* v. *Hammitt*, 15 Me. 40; *Adams*
v. *Hill*, 16 Me. 215; *Sewall* v. *Henry*, 9 Ala. 24.)

We do not think it so clear as counsel seem to suppose,
that the latter instrument does not, *per se*, import a suffi-
cient consideration to support the undertaking therein on
the part of the defendants; but it is not essential to deter-
mine whether it does or does not import such a considera-
tion, because we are of opinion a sufficient consideration
therefor manifestly appears by a reference to the referred
contract.   By the terms of the original contract, the defend-
ants were required to transport the wood, or cause the same
to be transported, from Blethen's ranch No. 2, in Alpine
County, California, to Empire City, Nevada, and to pay all
cost and expense incurred thereby, and within twenty days

after its arrival at Empire City, either to pay the plaintiffs twenty-seven hundred and eighteen dollars, gold coin, or deliver to them the wood, relieved of all charges for driving or banking the same.

It appears by the allegations in the complaint that the defendants caused the wood to be transported to Empire City, and that the wood arrived at the latter place on or about the 1st day of October, 1874, in charge of the Carson River Wood Company, who held the wood for the charges for driving and banking the same. There can be no doubt that the defendants were, according to the terms of the original contract, liable to said company for such charges, nor that the acknowledgment and promise contained in the subsequent agreement, both refer to this liability of the defendants, and do not, as is assumed by counsel for the defendants, refer to any debt or obligation of the plaintiffs. The subsequent agreement was a modification of the first, and evidently proceeded from a failure on the part of the defendants to comply with the terms thereof. In other words, the defendants, by this subsequent agreement, admit that they had failed to comply with or perform on their part the terms of the previous contract, acknowledge their liability and indebtedness to the Carson River Wood Company, for the charges for which said company held possession of the wood, and they therefore surrendered all their right and interest therein to the plaintiffs, and undertook, in case the plaintiffs should pay their said liability and indebtedness to said company, they would reimburse the plaintiffs therefor. We are of opinion that when the two written instruments are taken and read together, a sufficient consideration to support the defendants' promise is clearly manifest; and as it is averred in the complaint that the just and reasonable charges for driving and banking said wood were thirteen hundred and five dollars, and that the plaintiffs were required to pay and did pay said sum to the Carson River Wood Company before they could obtain possession of the wood, that the complaint states facts sufficient to constitute a cause of action.

It is suggested by counsel for defendants that the appeal from the judgment was prematurely taken, because no formal judgment signed or attested by the judge or clerk was entered and recorded. Section 330 of the civil practice act (Stats. 1869, 248) authorizes an appeal to be taken from a final judgment in an action or special proceeding. In the case of *California State Telegraph Company* v. *Patterson* (1 Nev. 150), the Supreme Court of this State held a judgment to be as final when pronounced by the court as when it is entered and recorded by the clerk, as required by statute. It appears by the record that the decision in this case was duly pronounced and entered in the minutes of the court, and that it finally disposed of the action so far as it respects the parties then before it.

The judgment of the court below is reversed, and cause remanded for further proceedings.