[No. 1749.]

## CENTRAL TRUST COMPANY OF CALIFORNIA, RESPONDENT, *v.* HOLMES MINING COMPANY, ET AL., APPELLANTS.

1. APPEAL AND ERROR—TIME TO APPEAL—STATUTES—"RENDITION OF JUDGMENT." Under Comp. Laws, 3425, 3426, providing that an appeal may be taken from a final judgment within one year "after the rendition" thereof, etc., the time within which an appeal must be taken begins to run from the date the court made its decision and ordered judgment to be entered accordingly, though the judgment was not entered until later.

2. JUDGMENT—NATURE. A judgment is a judicial act of the court, and it is as final when pronounced by the court as when it is entered and recorded by the clerk as required by the statute, the entry being the ministerial act of the clerk.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Ormsby County; *M. A. Murphy*, Judge.

Action by the Central Trust Company of California against the Holmes Mining Company, a corporation, *et al.* From a judgment for plaintiff, defendants appeal. **Dismissed.**

The facts sufficiently appear in the opinion.

*J. J. Scrivner, S. C. Denson*, and *C. H. Belknap*, for Appellants.

*W. E. F. Deal*, and *Thomas, Gerstle & Frick*, for Respondent.

By the Court, SWEENEY, J.:

This action is brought to obtain a judgment against the Holmes Mining Company, defendant, a California corporation, for the principal due on 127 bonds, of $1,000 each, and interest on the coupons attached to each of the bonds, and for attorney's fees, expenses of executing the trust created by the mortgage given to secure the bonds and coupons, and interest thereon and costs of suit, and for a decree foreclosing the mortgage and for sale of the mortgaged property to pay the judgment. This suit was brought in the District Court of the First Judicial District of the State of Nevada for Esmeralda County, and was regularly transferred to the dis-

trict court of the same district for Ormsby County. The case
was tried in said district court on the 2d day of January,
1906, and on the 2d day of May, 1906, was submitted on
briefs to the district court for its decision. On the 7th day
of June, 1906, the district court made its decision and ren-
dered its judgment, adjudging and decreeing that judgment
and decree of foreclosure be entered in favor of plaintiff, with
costs. This order was entered in the minutes and signed by
the district judge on the 7th day of June, 1906, and the dis-
trict judge on the same day filed his written decision in the
case. On the 21st day of July, 1906, the court filed in the
district court its findings of facts and conclusions of law, and
on the 15th day of September, 1906, the judgment and decree
appealed from was entered by the clerk of the district court.
The attorneys for the parties made and filed in the district
court a stipulation agreeing that the judgment roll and find-
ings of facts and conclusions of law signed by the judge of
the district court, and filed on the 21st day of July, 1906,
shall constitute the record upon any appeal thereafter taken
from the final judgment by the appellants, and that the same
findings of facts and conclusions of law shall be considered
by the Supreme Court of the State of Nevada, with the same
force and effect, as if the same were embodied in a bill of
exceptions or statement on appeal. There was no statement
on appeal filed in the district court, nor was there any bill of
exceptions or assignments of error filed in that court. On
the 14th day of September, 1907, this appeal was taken from
said judgment and decree rendered.

Before the argument of this case on its merits, both orally
and by elaborate briefs filed in support of the contentions of
respective counsel, a motion to dismiss the appeal was filed
by respondent upon the ground "that said appeal was not
taken within one year after the judgment appealed from was
rendered, but was taken more than one year after said judg-
ment was rendered." This motion was heard and argued
prior to the argument of the case on its merits, which latter
argument must necessarily be subject to the conclusion
reached on the motion to dismiss the appeal, as it raises the
jurisdictional question whether or not this court has juris-

diction of the appeal. It appears that the judgment was rendered in the district court on the 7th day of June, 1906, when the order for judgment was made and entered by the clerk in the minutes of the court, and the written decision of the judge was filed. It is provided in section 3425 of the Compiled Laws that "an appeal may be taken   *   *   *   from a final judgment in an action, or special proceedings commenced in the court in which the judgment is rendered, within one year after the rendition of judgment   *   *   *"; and by section 3426 it is also provided that "an appeal shall be made by filing with the clerk of the court, with whom the judgment or order appealed from is entered, a notice, stating the appeal from the same, or some specific part thereof, and serving a copy of the notice upon the adverse party or his attorney." It will be observed that the statute requires an appeal from a final judgment to be taken within one year after the judgment is rendered, and not one year after the judgment is entered by the clerk. The record discloses herein that this attempted appeal was not only not taken within one year after the judgment was rendered and decision filed, but was taken more than a year after the findings of facts and conclusions of law were filed in the district court. The judgment was rendered on June 7, 1906, and the appeal was not taken until September 14, 1907, more than one year and three months after the rendition of the judgment.

It is contended by counsel for appellants that the statutes of limitations in respect to the filing of an appeal do not begin to run until the entry of the judgment. In this contention we disagree with counsel. In some jurisdictions, notably in California, pursuant to the provisions of statute, the time for taking an appeal does not begin to run until the entry of the judgment, and if an appeal be taken before such entry it will be dismissed as being premature. An examination of the decisions in such jurisdictions will readily show that the statutes regulating appeals have always been rigidly followed; and upon a parity of reasoning this court in a repeated line of decisions has followed the sections of the Compiled Laws defining the procedure to be taken on appeal. Where the statute refers to the rendition of judgment, it

means the formal announcement by the court, and does not mean the entry of the same by the clerk. As was said in *Cal. S. T. Co.* v. *Patterson*, 1 Nev. 155: "The judgment is a judicial act of the court. The entry is the ministerial act of the clerk. The judgment is as final when pronounced by the court as when it is entered and recorded by the clerk as required by statute." This court held to the same effect in *Perkins* v. *Sierra Nevada S. M. Co.*, 10 Nev. 411, and in *Kehoe* v. *Blethen*, 10 Nev. 453.

In *Elder* v. *Frevert*, 18 Nev. 283, this court said: "It is a matter of frequent occurrence for courts to announce judgment and afterwards prepare findings. The decision may be rendered after or before the filing of findings, or, as is frequently the case, no findings may be made. The decision is, therefore, distinct from the findings, and the time within which notice of intention to move for a new trial must be given begins to run from the announcement of the judgment." This language was occasioned in construing section 197 of the civil practice act (Comp. Laws, 3292), which provides that, when an action is tried by the court, notice of motion for a new trial must be given within ten days after receiving written notice of the rendering of the decision of the judge. The case of *Elder* v. *Frevert*, *supra*, was affirmed in *Robinson* v. *Benson*, 19 Nev. 332; and in the recent case of *Linville* v. *Scheeline*, 30 Nev. 111, wherein the authorities are fully cited, the court remarked: "This court has repeatedly held that the decision of the court is the announcement by the court of its judgment, and is distinct from the findings. (*Elder* v. *Frevert*, 18 Nev. 278; *Robinson* v. *Benson*, 19 Nev. 331; *State ex rel. Hoppin* v. *Cheney*, 24 Nev. 222; *Robinson* v. *Kind*, 25 Nev. 261; *Sholes* v. *Stead*, 2 Nev. 108; *Howard* v. *Richards*, 2 Nev. 128, 90 Am. Dec. 520; *Telegraph Co.* v. *Patterson*, 1 Nev. 150.) Were this question a new one, it might be open to serious question, as many authorities under similar statutes take a contrary view. The practice in this state, however, of regarding the oral announcement by the court of its judgment as the decision, has been so thoroughly recognized by the bench and bar that it would not now be proper to announce a different rule."

It is evident, therefore, that when the district court on the 7th day of June, 1906, made its oral decision and ordered that judgment be entered accordingly, that act constituted the rendition of judgment referred to in the statutes, regulating the time from which appellants' right to appeal began to run; and, as it appears that appellants did not avail themselves of their right of appeal within the time allowed by law, this court has no jurisdiction to proceed to determine the merits of this appeal.   This is to be regretted, especially in this case, in view of the importance of the questions involved and the learned and elaborate briefs and arguments of the respective counsel; and we cannot conclude better than quoting with approval the language of this court in *Sherman* v. *Shaw*, 9 Nev. 152, as we did in *State* v. *Preston*, 30 Nev. 301, recently decided: "It is as unsatisfactory to the court as it is to counsel to have cases disposed of upon mere questions of practice; but it must be remembered that the rules of practice are as obligatory upon us as upon the parties to a suit, and, if attorneys desire to have their cases examined upon the merits, they must comply with the plain provisions of the statute and the rules of practice established by the court."

For the foregoing reasons, it appears that this court has no jurisdiction to consider the appeal.   It is therefore ordered dismissed.