## COLEMAN *v.* MOORE & McINTOSH
### No. 2723
December 3, 1925.                    241 P. 217.

1. APPEAL AND ERROR—ANNOUNCEMENT OF COURT ON CERTAIN DATE OF ITS DECISION, ENTERED IN MINUTES OF COURT, CONSTITUTED "RENDITION OF JUDGMENT."

   The announcement by the court on a certain date of its decision, entered in the minutes of the court, constituted the "rendition of a judgment," within Rev. Laws, sec. 5329, notwithstanding there was no judgment signed at that time, and, upon the death of the judge entering the decision, the succeeding judge later signed the judgment pursuant to amendment to practice act, sec. 547, found in Stats. 1925, c. 77.

2. APPEAL AND ERROR — AMENDMENT TO STATUTE APPLICABLE TO JUDGMENT HELD NOT TO APPLY TO JUDGMENT RENDERED BEFORE ENACTMENT OF AMENDMENT.

   Amendment to practice act, sec. 547, found in Stats. 1925, c. 77, which is applicable to judgments, *held* not to apply to a judgment rendered before the enactment of such amendment.

---

See 3 C. J. sec. 1034, p. 1042, n. 19; sec. 1054, p. 1055, n. 34; p. 1057, n. 37; sec. 1074, p. 1067, n. 28.

APPEAL from Second Judicial District Court, Washoe County; *George A. Bartlett,* Judge.

Action by Catherine Coleman individually and as executrix of the estate of Denis Hegarty, deceased, against Moore & McIntosh and two others. Judgment for defendants, and, from an order sustaining defendants,

motion to strike notice of intention to move for a new trial, and the undertaking thereon, plaintiff appeals. **Appeal dismissed.**

*M. B. Moore* and *Wm. McKnight,* for Movant:

Judgment became effective from time it was rendered and time for all later proceedings began to run from that date, February 6, 1925. On September 14, 1925, another judge signed and had filed written judgment, dating it February 6, 1925. We contend time began to run from earlier date. If correct, motion should be granted. Tel. Co. v. Patterson, 1 Nev. 150; Nelson v. Smith, 42 Nev. 302; Clark v. Turner, 42 Nev. 450.

*A. Grant Miller,* for Appellant:

There was no authority in law of this state for another judge to sign findings, decision or judgment rendered by deceased judge until March 16, 1925, when Stats. 1925, 115, was approved. Plaintiffs took premature appeal, which was dismissed. No findings have ever been signed, but Judge Bartlett signed paper now entitled "judgment" on September 14, 1925, dating it February 6, 1925. On September 24 appellants duly signed, within time, notice of intention to move for new trial. Respondents filed motion to strike, which was granted. From that action this appeal is taken.

Appellants have been denied constitutional rights and deprived of due process of law and of their day in court.

## OPINION

By the Court, DUCKER, J.:

This is a motion to dismiss an appeal. A statement of the facts upon which the motion is based follows: On the 5th day of February, 1925, this action came on regularly for trial in the district court of Washoe County, Judge J. A. Callahan presiding. Counsel for respondents, who were defendants there, objected to any testimony being taken on the part of plaintiffs. The objection was sustained, except as to parts of certain

paragraphs of the complaint. Evidence was stipulated in support of said paragraphs, and the case submitted. On the 6th day of February, 1925, the court rendered its decision, which was entered in the minutes of the court, that plaintiff take nothing by her complaint, and that defendants have judgment for costs. Plaintiffs moved for a new trial, which was denied on March 16, 1925. On the 26th day of March, 1925, plaintiffs filed a notice of appeal from the judgment entered on the 6th day of February. No appeal was taken from the order denying the motion for a new trial.

Plaintiffs applied to the lower court on the 1st day of May, 1925, for an order directing defendants to prepare and present to the judge thereof findings of fact and conclusions of law and judgment in the action, or at the pleasure of the court, for an order directing the clerk of said court to prepare such judgment, and also applying to the court to have the judge thereof sign such judgment. The application was based upon the fact that Judge Callahan died before any judgment was presented to him for his signature. It was alleged in the notice of the application that no judgment had been signed, made, or entered in said action; that the legislature, since the death of Judge Callahan, had passed an act authorizing succeeding judges to sign judgments where the acting judge is dead, and that plaintiffs desired to appeal from said judgment and could not do so until it was entered. On the 14th day of September, 1925, Judge George A. Bartlett, one of the judges of the lower court, signed the following judgment:

"This cause coming on for trial on the 5th day of February before the court, without a jury, and the court having heard said matter, and the argument of counsel therein arising upon the objections of the defendants to the taking of any testimony under the complaint, and the matter having been submitted for decision, the court being fully advised in the premises, it is ordered and adjudged that the defendants' objection to the taking of any testimony in said cause be sustained, and that plaintiffs take nothing by their complaint and action, and the

defendants have judgment for their costs. Execution stayed for a period of ten days upon stipulation of counsel.

"Dated this 6th day of February, 1925."

Thereafter, on the 23d of September, 1925, on motion to dismiss the appeal and upon filing in the supreme court a certificate of the clerk of the lower court showing that defendants failed to file, within 30 days after their appeal had been perfected, a transcript of the record or bill of exceptions, said appeal was dismissed. On the 24th day of September plaintiffs filed a notice of intention to move for a new trial in the court below, and on the 25th day of September defendants filed notice of motion to strike said notice of intention to move for a new trial and the undertaking thereon. After a hearing on the motion to strike, the court on the 29th day of September, 1925, sustained it. From the order sustaining this motion, the plaintiffs appealed on the following day. It is this appeal that defendants now seek to have dismissed.

1. As we have stated, the appeal in this case is from the judgment only. An appeal may be taken from a final judgment within six months after the rendition of judgment. Section 5329, Rev. Laws. If judgment was rendered on the 6th day of February, 1925, the appeal must be dismissed, for it was not taken until nearly eight months thereafter, on the 30th day of September, 1925.

Plaintiffs assert that the former appeal was premature and taken merely as a precautionary measure, and contend that their time within which to take an appeal did not begin to run until the formal judgment was signed and entered on the 14th day of September, 1925. The contention cannot be sustained. The announcement of the court on the 6th day of February, 1925, of its decision, which was entered in the minutes of the court, was the rendition of final judgment.

The same contention was made in Central T. Co. v. Holmes M. Co., 30 Nev. 437, 97 P. 390, in respect to which the court said:

"It is contended by counsel for appellants that the statutes of limitations in respect to the filing of an appeal do not begin to run until the entry of the judgment. In this contention we disagree with counsel. In some jurisdictions, notably in California, pursuant to the provisions of statute, the time for taking an appeal does not begin to run until the entry of the judgment, and if an appeal be taken before such entry it will be dismissed as being premature. An examination of the decisions in such jurisdictions will readily show that the statutes regulating appeals have always been rigidly followed; and upon a parity of reasoning this court in a repeated line of decisions has followed the sections of the Compiled Laws defining the procedure to be taken on appeal. Where the statute refers to the rendition of judgment, it means the formal announcement by the court, and does not mean the entry of the same by the clerk."

It is true that in the foregoing case a written decision was filed at the time judgment was ordered, but in the course of its opinion the court said:

"It is evident therefore, that when the district court on the 7th day of June, 1906, made its oral decision and ordered that judgment be entered accordingly, that act constituted the rendition of judgment referred to in the statutes, regulating the time from which appellants' right to appeal began to run; and, as it appears that appellants did not avail themselves of their right of appeal within the time allowed by law, this court has no jurisdiction to proceed to determine the merits of this appeal."

Decisions of this court to the same effect are cited and reviewed in the opinion.

In Cal. State Tel. Co. v. Patterson, 1 Nev. 155, the court said:

"The judgment is a judicial act of the court, the entry is the ministerial act of the clerk. The judgment is as final when pronounced by the court as when it is entered and recorded by the clerk, as required by statute."

And again:

"The right of appeal under our practice does not depend upon the entry or perfection of the judgment of the lower court, but upon the rendition of it." Id.

"An appeal taken more than six months after the rendition of judgment will be dismissed." Nelson v. Smith, 42 Nev. 302, 176 P. 261, 178 P. 625; Clark v. Turner, 42 Nev. 450, 180 P. 908.

It is contended that the time in which plaintiffs had to appeal from the judgment is governed by the amendment to section 547 of the practice act found in Stats. 1925 at pages 114, 115, and that by virtue thereof the time did not begin to run until the judgment was signed and entered on the 14th day of September. The amendment reads as follows:

"In case of the death of a district judge after he has rendered and filed a decision or opinion or caused the same to be entered in the minutes of the court and before the filing of findings, or the entry of judgment, the succeeding judge of the court in which such cause was tried shall make an examination of the decision or opinion, the minutes of such cause, the pleadings, the record and reporter's notes taken therein, if any, and shall sign and settle the findings, and cause judgment to be entered in the same manner as if such succeeding judge had presided at the trial of the cause."

"Sec. 2. This act shall become effective immediately after its passage.   *   *   * "

2. The contention is not tenable. The amendment simply provides how a succeeding judge may perfect a judgment rendered by a predecessor, since deceased, and cause it to be entered. It in no manner affects the time in which an appeal may be taken after the rendition of judgment. Moreover, final judgment was entered in this case on February 6, 1925, and the amendment was not approved until March 16, 1925. For this reason also the amendment has no application in this case.

The appeal is dismissed. It is so ordered.