No. 3657

BERNARD D. NELSON, AS ADMINISTRATOR OF THE ESTATE OF RALPH NELSON, ALSO KNOWN AS RALPH JOSEPH NEILSON, DECEASED, APPELLANT, v. CHARLES W. PAUL, ALSO KNOWN AS C. W. PAUL; ROBERT BLASER AND MARY BLASER, DOING BUSINESS AS THE BLASER CONSTRUCTION CO.; AND JOE ANACABE AND FABIANA ANACABE, HIS WIFE, RESPONDENTS.

No. 3658

BERNARD D. NELSON, AS ADMINISTRATOR OF THE ESTATE OF BEATRICE ANN NELSON, DECEASED, APPELLANT, v. CHARLES W. PAUL, ALSO KNOWN AS C. W. PAUL; ROBERT BLASER AND MARY BLASER, DOING BUSINESS AS THE BLASER CONSTRUCTION CO.; AND JOE ANACABE AND FABIANA ANACABE, HIS WIFE, RESPONDENTS.

No. 3659

MARY E. JONES, Appellant, *v.* CHARLES W. PAUL, also Known as C. W. PAUL; ROBERT BLASER and MARY BLASER, Doing Business as the B L A S E R CONSTRUCTION CO., and JOE ANACABE and FABIANA ANACABE, his Wife, Respondents.

No. 3660

RUTH E. SPERRY, Appellant, *v.* CHARLES W. PAUL, also Known as C. W. PAUL; ROBERT BLASER and MARY BLASER, Doing Business as the BLASER CONSTRUCTION CO.; and JOE ANACABE and FABIANA ANACABE, his Wife, Respondents.

No. 3661

WILLIAM A. SPERRY, Appellant, *v.* CHARLES W. PAUL, also Known as C. W. PAUL; ROBERT BLASER and MARY BLASER, Doing Business as the BLASER CONSTRUCTION CO.; and JOE ANACABE and FABIANA ANACABE, his Wife, Respondents.

July 9, 1951.                              233 P.2d 857.

*F. Grant Sawyer* and *Orville R. Wilson,* both of Elko, for Appellants.

*Royal A. Stewart* and *Richard W. Horton,* both of Reno, for Respondents Joe Anacabe and Fabiana Anacabe, his wife.

## OPINION

By the Court, MERRILL, J.:

Motions have been made by respondents Anacabe to dismiss these appeals upon the ground that they were not taken within the time provided by law. The appeals

are taken from judgment of the trial court in each case dismissing respondents Anacabe as parties defendant and also are taken from order of the court in each case denying the plaintiff's motion to amend the judgment. Respondents' motions were submitted to this court on a single argument; and, in the interests of clarity and brevity, this single opinion will apply to all five cases. The cases are actions for damages, all involving the same principles of law, and growing out of the same set of facts. In each case the record is confined to the judgment roll.

A demurrer to the complaint and a motion to strike were filed in the trial court in each of the five cases by respondents Anacabe as defendants and by stipulation of counsel all were submitted to the trial court on a single argument. On July 3, 1950 the trial judge signed a document entitled "Opinion And Orders On Demurrer And Motions To Strike" which, after an extensive discussion of the legal principles involved, provided in part as follows:

"FOR THE REASONS GIVEN, IT IS THEREFORE ORDERED, that the defendants JOE ANACABE and FABIANA ANACABE, his wife, be dismissed and stricken as parties defendant herein."

This order was filed July 5, 1950 in three of the five cases. For some unknown reason it was not filed in two of the cases: Jones v. Paul and Ruth E. Sperry v. Paul.

On July 10, 1950 a document entitled "Judgment" was signed by the trial judge and on July 12, 1950 was filed in each of the five cases. That document, identical in form in each case, stated,

"The demurrers of the defendants JOE ANACABE and FABIANA ANACABE, his wife, having been sustained by order duly made on the 3rd day of July, 1950, and said defendants having been dismissed and stricken as parties defendant herein, without leave to amend as to said defendants; now, on motion of said defendants JOE ANACABE and FABIANA ANACABE, his wife,

"IT IS ORDERED AND ADJUDGED that the complaint

herein be, and the same is hereby, dismissed and that said defendants have and recover of the plaintiff above-named their costs, taxed at $2.50."

On July 13, 1950 a notice of decision covering all five cases was served and filed.

Section 9385.60, N.C.L. 1929, Supp. 1931–1941, provides in part as follows:

"An appeal may be taken:

"1. From a final judgment in an action or proceeding commenced in the court in which the judgment is rendered, within six months after the rendition of the judgment."

Each of these appeals was taken January 8, 1951 within six months from the filing of the document entitled "Judgment" but more than six months after the filing of the order dismissing the Anacabes. The sole question here involved is whether the six months' period for taking of appeal commenced to run on July 5, 1950, on which date the order was filed in three of these cases. In the view of this court it did; and the motions to dismiss, accordingly, must be granted.

It is to be noted from the quoted statute that it is the rendition and not the entry of the judgment from which the time shall run. This court has frequently held that (notwithstanding subsequent clerical entry or signing of formal written findings, judgment or decree) it is the announcement by the court of its determination of the matter which constitutes the rendition of a judgment. California State Telegraph Co. v. Patterson, 1 Nev. 150; Kehoe v. Blethen, 10 Nev. 445; Elder v. Frevert, 18 Nev. 278, 3 P. 237; Central Trust Co. v. Holmes Mining Co., 30 Nev. 437, 97 P. 390; Coleman v. Moore & McIntosh, 49 Nev. 139, 241 P. 217; See Magee v. Whitacre, 60 Nev. 202, 96 P.2d 201, 106 P.2d 751, (appearing in Pacific Reporter under its original title of Magee v. Lothrop).

By the order of the trial court the rights of the

Anacabes were fully determined. No further judicial determination remained to be made. The fact that the "Judgment" specified more clearly than did the order the action taken by the court upon the demurrers does not constitute the "Judgment" an exercise of further judicial determination in that respect. By its recitals it purports to relate what had already been accomplished by the order and does not purport to take new and further action. That document, then, was merely a more formal statement of the judgment as it had already been rendered.

Appellants contend that since there was no oral pronouncement from the bench and since the order was never actually filed in two of these cases, it cannot be said to constitute rendition of judgment therein. It is clear from the language of the opinion, however, and from its specific reference to all five cases, that the order was intended to and did constitute a judicial determination of the identical issues of law in all five cases. Since counsel for plaintiffs were the same in all five cases it cannot be said that failure to file the order in any particular case left the court's decision and action therein unannounced. The appellant was as fully advised as he would have been had the order been rendered in all five cases by a single pronouncement from the bench.

The fact that the record in two of the cases does not contain the order in question (and that this court should as to those cases close its eyes to all matters therein set forth) cannot affect our opinion. The recitals in the "Judgment" in each of those cases are themselves sufficient in scope to show full disposition of the case by order "duly made on the 3rd day of July, 1950."

Appellants point to the fact that the order made no reference to costs while the "Judgment" did allow costs in the sum of $2.50 which allowance was specifically referred to in the notice of decision subsequently served and filed. They contend that under these circumstances the order was not a final disposition of the matter, citing Magee v. Whitacre, supra, where it is stated:

"Appellants urge that the said decision of the trial court did not constitute a final judgment, in that it left something to be done and for the future consideration of the court in order to fully dispose of the issues and rights of the parties. Appellants urge two propositions as not having been disposed of: * * * secondly, that the trial court in said decision failed to determine the costs.

"* * * As to the second proposition, the trial court did not make an order relative to the costs until the filing of the formal findings and formal judgment, on the 26th day of September, 1938, and no mention thereof was made in the decision of April 14, 1938. This is an action in equity, and is clearly one in which the court is vested with discretion in the assessment of costs, under section 8927 N.C.L. The case of Perkins v. Sierra Nevada S. M. Co., 10 Nev. 405, 410, gives the following definition of a final judgment: 'A judgment or decree is final that disposes of the issues presented in the case, *determines the costs,* and leaves nothing for the future consideration of the court.' * * *" [60 Nev. 202, 96 P.2d 202.]

The quotation contains its own point of distinction from the cases before us. Magee v. Whitacre was a suit in equity. These are cases at law for the recovery of damages, and the trial court had no discretion whatsoever in the matter of costs. The Anacabes, under section 8926, N.C.L.1929, were entitled to costs as a matter of statutory right.

It is ordered that the appeal in each of these cases is hereby dismissed.

BADT, C. J., and EATHER, J., concur.

ON PETITION FOR REHEARING

September 5, 1951.

*Per Curiam:*

Rehearing denied.