CARL T. LIND AND LOUISE LEETZOW LIND, His
WIFE, AND PEARDALE MILL & LUMBER CO.,
INC., A CORPORATION, APPELLANTS, v. HARRY
RAYNOR AND JOE T. MERHAR, RESPONDENTS.

No. 3708

May 5, 1952                    243 P.2d 783.

*Douglas A. Busey, Clark J. Guild, Jr.,* and *Howard L.
Cunningham,* all of Reno, for Appellants.

*Royal A. Stewart* and *Richard W. Horton,* both of
Reno, for Respondents.

## OPINION

*Per Curiam:*

This is a motion on behalf of respondents to dismiss the appeal of appellants from an adverse judgment, based upon the asserted late filing of the notice of appeal. The case was tried to the district court without a jury, and after the submission thereof, the district judge on August 10, 1951 filed a "Decision and Opinion." The learned district judge, after discussing the issues as made by the pleadings, the evidence adduced, and certain conclusions reached with regard to the facts and the law involved, including a determination as to the various items upon which the plaintiffs were entitled to recover, less credits against the same, concluded as follows:

"The Court therefore concludes that plaintiffs above named are entitled to judgment against the defendants in the sum of $10,215.00.

"Counsel for the plaintiffs are hereby directed to prepare findings and facts and conclusions of law in conformity with this Opinion."

The findings and formal judgment were filed September 20, 1951. The notice of appeal was filed March 5, 1952, more than six months after the filing of the "Decision and Opinion," but less than six months after the filing of the formal judgment.

The statutory limit for an appeal from a final judgment is six months. N.C.L.1931–1941 Supp., sec. 9385.60. Appellants concede the well established rule in this state that time for appeal from the judgment commences to run from the pronouncement by the court of its determination of the matter, which constitutes a

rendition of the judgment, and not from the date of the filing of the formal findings of fact, conclusions of law and judgment. Nelson v. Paul, 68 Nev. 365, 233 P.2d 857; Magee v. Whitacre, 60 Nev. 202, 96 P.2d 201, 106 P.2d 751 [appearing in 96 P.2d 201 under its original title of Magee v. Lothrop]. They contend however that the language of the trial court's decision quoted above left the matter in the bosom of the court, subject to change or modification, and was not its final pronouncement. We think it clear however that the contrary is true.

Appellants rely upon Warren v. Wilson, 47 Nev. 259, 220 P. 242, but we do not find the same to be in point.

Appellants contend that whatever the rule may have been in the past, the matter is now controlled by the amendment of 1951 (Stats.1951, 212) amending sec. 8794, N.C.L.1929. The amendment referred to simply added to the definition of a judgment as "the final determination of the rights of the parties in the action or proceeding," the provision that in case of conflict or discrepancy between the oral pronouncement of the court or the minute order entered by the clerk on the one hand and the written judgment on the other, the written judgment shall control. In our opinion the 1951 amendment has no application to the present situation. It is clear to us that the appeal was too late and must be dismissed. Having reached this conclusion, it becomes unnecessary for us to determine respondents' alternative motion to strike certain papers from the record.

The appeal is hereby dismissed.